In the Matter of DLAINE BERNICE S. ST. VINCENT'S HALL, INC., Respondent; DIANE DELIA S., Appellant. In the Matter of DENEA S. ST. VINCENT'S HALL, INC., Respondent; DIANE DELIA S., Appellant.—In child neglect proceedings, the appeals are from two orders (one as to each child) of the Family Court, Kings County, each dated September 8, 1978, which, after a hearing, *inter alia,* (1) terminated the parental rights of the appellant natural mother, (2) awarded custody of each child to the petitioner and (3) empowered the petitioner to consent to their adoption. Orders affirmed, without costs or disbursements. Proceedings were instituted pursuant to section 384-b of the Social Services Law in the Family Court, Kings County, by St. Vincent's Hall, Inc., the agency to which the appellant surrendered her two children. After a fact-finding hearing the court terminated her parental rights upon findings of both abandonment and permanent neglect (see Social Services Law, § 384-b, subd 4, pars [b], [d]). The appellant does not contest the court's findings, but indeed concedes that they are correct. Her complaint is that following the fact-finding hearing no dispositional hearing was held, and that, under *Matter of Roy Anthony A.* (59 AD2d 662), the Family Court erred in not holding a dispositional hearing. Subdivision (a) of section 625 of the Family Court Act provides as follows: "Upon completion of the fact-finding hearing, the dispositional hearing may commence immediately after the required findings are made; *provided, however, that if all parties consent the court may, upon motion of any party or upon its own motion, dispense with the dispositional hearing* and make an order of disposition on the basis of competent evidence admitted at the fact-finding hearing" (emphasis supplied). It is obvious, therefore, from a reading of this statute, that only with the consent of the parties may the court, upon its own motion, dispense with the dispositional hearing. However, we are here concerned with a proceeding under section 384-b of the Social Services Law which permits the Family Court to adjudicate abandonment. "Section 384 of the Social Services Law and article 6 of the Family Court Act were intended to offer alternative and independent means of terminating parental rights" *(Matter of Anonymous [St. Christopher's Home],* 40 NY2d 96, 102). The Family Court found that there had been an abandonment as well as

permanent neglect. Under such circumstances, where abandonment is determined under section 384-b (subd 4, par [b]) of the Social Services Law, a dispositional hearing is not mandated, and such requirement should not be read into section 384-b of the Social Services Law. It follows that, for this reason, no dispositional hearing is required and the two orders appealed from should be affirmed. Damiani, Cohalan and Gibbons, JJ., concur.

Hopkins, J. P., concurs in the result with the following memorandum: The procedure to be followed by the Family Court is prescribed by the Family Court Act (Social Services Law, § 384-b, subd 3, par [f]). The Family Court Act now provides that the Family Court may on its own motion dispense with a dispositional hearing and make an order of disposition on the basis of competent evidence admitted at the fact-finding hearing (see Family Ct Act, § 625, subd [a], as amd by L 1976, ch 666, § 23, eff Jan. 1, 1977). Hence, the court possessed the discretion to determine whether, under the circumstances, a dispositional hearing was necessary in order to consider the best interests of the child (see Family Ct Act, § 623). The evidence admitted at the fact-finding hearing amply supported the findings of abandonment and permanent neglect, and I find that the evidence was sufficient to justify the court, in the exercise of its discretion, determining on its own motion that no dispositional hearing was required to make the orders appealed from.