OPINION OF THE COURT
Bruce M. Kaplan, J.
This court, after a fact-finding hearing (compare Family Ct *896 Act, § 614) issued a decision and order which found that (1) respondent Robert P. abandoned his child Maeru, and (2) calendared the matter for a dispositional hearing.
Petitioner moved to delete the latter portion of the order. It contended that the court lacked authority to hold a dispositional hearing following a finding of abandonment. The petitioner’s argument is without merit. Accordingly, the motion is denied.
Petitioner’s position has been rendered untenable by the holding in Matter of Wesley L. (72 AD2d 137). The Appellate Division opined that under the particular circumstances of that case it was an abuse of discretion to terminate parental rights without a further hearing, even assuming a finding of abandonment.
That decision decimates petitioner’s contention that where a finding of abandonment is made pursuant to section 384-b of the Social Services Law, there is no statutory authority to hold a separate dispositional hearing.
Petitioner has mistakenly relied on Matter of Dlaine S. (72 AD2d 775) as authority for its position. In that case the court affirmed a Family Court order terminating parental rights. The court held that where abandonment is determined under section 384-b of the Social Services Law a dispositional hearing is not mandated. Accordingly, it upheld the refusal of the Family Court to order one.
The Appellate Division only stated that a dispositional hearing was not mandated. In order for this case to support petitioner’s position, it would have to have held that ordering a dispositional hearing would be an abuse of discretion.
This is not what Dlaine S. (supra) does. Rather, it upholds the Family Court’s exercise of discretion.
If petitioner’s reading of the case were correct it would be in conflict with the First Department’s holding in Matter of Wesley L. (supra). Under those circumstances this court would decline to follow it. (People ex rel. Simmons v Sheridan, 98 Misc 2d 328; McKinney’s Cons Laws of NY, Book 1, Statutes, §72.)
This court exercised its discretion to set the matter down for a dispositional hearing based on two salient factors: (1) the moving and abiding concern for the well-being of his child that Mr. P.’s testimony demonstrated, and (2) the positive impression made by his sister, Maeru’s aunt. It appeared from *897 her testimony that she could provide warm and nurturing surroundings in what appeared to be an eminently suitable home.
While the point was not developed the court was struck by respondent’s response when asked why he had not visited his daughter. He indicated that when he sought visitation he was discouraged and impeded by the agency. This was not refuted on cross-examination.
The filial bond is one of the strongest, yet most delicate and most inviolable of all relationships. (Matter of Corey L v Martin L, 45 NY2d 383.) The court must not move to sever it without a scrupulous regard to the rights and responsibilities of the natural parent.
Certainly, abandonment was present in the instant situation but the question of whether it occurred without good cause deserves further scrutiny. Especially since abandonment is not a monolithic concept, but a term possessed of several statutory meanings. (Matter of Wesley L., supra; Matter of Dickson v Lascaris, 97 Misc 2d 610.)
Accordingly, a dispositional hearing is set down for July 18, 1980, in Part V.