■ In the Matter of KENNY D. C. JOHN B. WINGATE, as Commissioner of the Orange County Department of Social Services, Respondent; SHELLIE JEAN C., Appellant. — In a child neglect proceeding, the natural mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County, dated August 13, 1979, as, after a hearing upon which the child was adjudicated to be permanently neglected committed the guardianship of the child to the Orange County Commissioner of Social Services and empowered the commissioner to place the child for adoption and to consent to the child's adoption. Order reversed insofar as appealed from, without costs or disbursements, the provision committing the guardianship of the child to the Orange County Commissioner of Social Services and empowering the commissioner to place the child for adoption and to consent to the child's adoption is deleted and the matter is remanded to the Family Court, Orange County, for a dispositional hearing. After a fact-finding hearing, the Family Court terminated appellant's parental rights upon a finding of permanent neglect (see Social Services Law, § 384-b, subd 4, par [d]) and, without holding a dispositional hearing, committed the guardianship of her child to the Orange County Commissioner of Social Services and empowered him to consent to the child's adoption. Appellant concedes the correctness of the court's finding of permanent neglect but challenges the court's right to dispose of the matter without a dispositional hearing. It is apparent that the Family Court erred in entering an order of disposition without first holding "a hearing to determine what order of disposition should be made in accordance with the best interests of the child" (Family Ct Act, § 623; see §§ 625, 631; *Matter of Thomas TT.*, 67 AD2d 788, 790; *Matter of Roy Anthony A.*, 59 AD2d 662; *Matter of Dlaine S.*, 72 AD2d 775). Therefore, the matter must be remanded for such a hearing. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.