OPINION OF THE COURT
Raymond J. Barth, J.
The above-captioned matter is before the court pursuant to a petition filed by the Department of Social Services on April 7,1980. Said petition alleges that Daniel L. has been abandoned by his father, the respondent, pursuant to section 384-b of the Social Services Law.
The subject child initially came into the care and custody of the petitioner on July 17, 1978, when the respondent executed a voluntary placement agreement. Pursuant to the terms of the agreement, the child was to be placed until such time as the respondent obtained employment and was able to care for his child. It is significant to note that the respondent has not sought the return of his child.
On November 14,1980, respondent’s counsel moved this court to dismiss the petition on the ground that the petitioner failed to comply with section 614 of the Family Court Act, which, he contended, governs this proceeding. *492 Specifically, the movant indicated that the petition failed to set forth the agency’s diligent efforts to encourage and strengthen the parental relationship and that the petition lacked the allegation of respondent’s failure to visit with the child for a period of one year. These are required allegations in accordance with section 614 of the Family Court Act.
The petitioner and the Law Guardian opposed respondent’s motion to dismiss. It is their contention that section 384-b of the Social Services Law governs the instant proceeding, not section 614 of the Family Court Act. Said section of the Social Services Law does not require the two allegations of section 614 of the Family Court Act referred to by respondent’s counsel.
This issue has already been resolved by the New York Court of Appeals. Matter of Anonymous (St. Christopher’s Home) (40 NY2d 96) held that the requirements of article 6 of the Family Court Act are inapplicable to a proceeding to terminate parental rights based upon an abandonment of the child for a period of six months in accordance with section 384 of the Social Services Law. It was the intent of the Legislature that article 6 of the Family Court Act and section 384 of the Social Services Law provide totally separate avenues of accomplishing a termination of parental rights.
It is to be noted that, effective January 1, 1977, the abandonment ground for the termination of parental rights was eliminated from section 384 of the Social Services Law. Abandonment was then included in section 384-b (subd 4, par [b]) of the Social Services. Law, effective January 1, 1977, in essentially the same form. It is the conclusion of this court that the holding of Matter of Anonymous (St. Christopher’s Home) is also applicable to section 384-b of the Social Services Law (see Matter of Dlaine S., 72 AD2d 775).
During oral argument a question arose regarding respondent’s notification of his right to the assistance of counsel. Section 384-b (subd 3, par [e]) of the Social Services Law requires the instant proceeding to be originated by a petition on notice. Such notice must inform the par *493 ents of their right to counsel, including the assignment of counsel should they be financially unable to obtain their own counsel. A reading of the summons reveals a clear declaration to this effect in full compliance with section 384-b (subd 3, par [e]) of the Social Services Law.
To further support his motion to dismiss, respondent’s counsel contended that it is not appropriate for the Department of Social Services to seek acquisition of the guardianship and custody of the subject child. As a basis for this argument, counsel cited the fact that a previous petition for approval of voluntary placement of the child had been dismissed by this court for lack of jurisdiction over the respondent. Respondent’s counsel implied that the petitioner is thereby precluded from seeking the relief sought herein.
Subdivision (9) of section 358-a of the Social Services Law provides the procedure to be followed where a Family Court Judge denies a petition for approval of a voluntary placement instrument on the ground that the welfare of the child would not be promoted by foster care. However, in the matter before this court, there has been no súbstantive finding by the court that the welfare of the child would not be promoted by foster care. Said statute is silent regarding procedure wherein the voluntary placement petition is dismissed for lack of personal jurisdiction of the respondent.
It is the determination of this court that, absent a finding that the welfare of the child would not be promoted by foster care in accordance with subdivision (9) of section 358-a of the Social Services Law and where the parent has not sought return of his child pursuant to the terms of the agreement, the instrument continues in effect as a valid agreement.
Based upon the foregoing, the Department of Social Services has not been precluded from instituting the instant proceeding. And, in view of the specific statutory authority granted to the agency in section 384-b (subd 3, par [b]) of the Social Services Law to commence such proceedings, the agency has, a fortiori, properly initiated this proceeding.
*494 Now, therefore, it is ordered, that the motion of respondent’s counsel to dismiss the petition be and the same hereby is denied in all respects; and it is further ordered, that this matter be placed upon the general Trial Calendar for further proceedings.