■ In the Matter of JASON S. CATHOLIC GUARDIAN SOCIETY
OF THE DIOCESE OF BROOKLYN, INCORPORATED, Appellant; SAN-
DRA S., Respondent.—In a child neglect proceeding, petitioner
appeals from so much of an order of the Family Court, Kings
County (Rand, J.), dated October 31, 1983, as after a fact-
finding hearing, dismissed the petition to permanently termi-
nate the parental rights of the natural mother.

Order affirmed insofar as appealed from, without costs or
disbursements.

The record supports the Family Court's conclusion that
petitioner failed to establish by clear and convincing evidence
that it actively aided the child's natural mother, Sandra S., in
her search for suitable housing, when housing was the pri-
mary obstacle preventing discharge of the child to his moth-
er's care *(see,* Social Services Law § 384-b [7] [f]; *Matter of Star
Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368).

Moreover, although Sandra S. frequently demonstrated a
lack of initiative in maintaining regular contact with her
child *(see, Matter of Jamie M.,* 63 NY2d 388), petitioner was
nevertheless obligated, by statute, to work towards strength-
ening and encouraging the mother-child relationship *(see,
Matter of Sheila G., supra).* While the record indicates that
the agency initially engaged in meaningful efforts to promote
contact between mother and child, it appears that there was a
discontinuation of such efforts in mid-1981, after petitioner
was ordered by the Family Court to initiate proceedings to
terminate the parental rights. For approximately two years
prior to the commencement of this proceeding, petitioner
followed a course of action which favored adoption over the
discharge of the child to the natural mother *(see, Matter of
Leon RR.,* 48 NY2d 117, 126). Inasmuch as petitioner failed to
demonstrate that it satisfactorily discharged its statutory duty
to diligently assist in the reuniting of mother and child, we
are constrained to conclude that the petition to terminate the
parental rights of Sandra S. was properly dismissed.

We do note, however, that the infant was adjudged to be a
"Dependent child" within the meaning of Social Services Law
§ 371 (7). He has never resided with his mother and he has

never been discharged to her care on either a permanent or a temporary basis since his birth. In view of the foregoing and the fact that more than two years have elapsed since the Family Court rendered its determination, petitioner may wish to consider the advisability of commencing a new proceeding to terminate the parental rights of the child's natural mother on the ground of permanent neglect. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.