■ In the Matter of CHARMAINE T. and Others. CHARMAINE C. et al., Respondents; ST. VINCENT'S SERVICES, INC., Appellant. —In four consolidated proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the grounds that the parents permanently neglected their children and the father abandoned the children, the petitioner appeals from an order of the Family Court, Kings County (Nason, J.), dated January 9, 1989, which, after a hearing, dismissed the petitions and granted custody to the mother.

Ordered that the order is modified by (1) deleting the provision thereof dismissing those branches of the petitions which alleged that the father abandoned the children and substituting therefor a provision sustaining those branches of the petitions, and (2) vacating the provision granting custody to the mother; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing with respect to the father.

The Family Court found that the petitioner has not demonstrated the statutorily-mandated diligent efforts to assist the mother and father in, among other things, planning for the return of their four children. We agree. In a proceeding to terminate parental rights based on permanent neglect, the threshold consideration is whether the agency has discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship *(see, Matter of Jamie M.,* 63 NY2d 388; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Erica J.,* 154 AD2d 595). The crux of the agency's allegation against the mother was that she refused to cooperate with its plan for her to engage in a parenting skills therapy program. However, we find that the agency did not adequately help the mother. The agency did in fact arrange for the mother to attend a second therapy program after the doctor in the first program terminated her case. However, after the mother

stopped participating in this program, the caseworker made neither further arrangements nor any attempts to discover why the mother ended her participation. Indeed, there is evidence in the record which suggests that at about the time that the mother stopped therapy she had been raped and was left completely traumatized, confused and unable to cope *(see, Matter of Jason S.,* 117 AD2d 605). It is clear that on this record the agency failed to show by clear and convincing evidence that it exercised diligent efforts in helping strengthen the mother-child relationship and it is this failure that compels us to the conclusion that those branches of the petitions insofar as they contain assertions of permanent neglect against the mother were properly dismissed.

Although the agency has failed to sustain its burden of proof against the mother in the instant permanent neglect proceedings, we find that the Family Court should not have awarded her immediate custody of the children under the circumstances of this case *(see, Matter of Jamie M., supra).* We note that the mother has not had custody of her children since December 1983, when they were placed in foster care pursuant to a neglect petition brought under Family Court Act article 10. Thereafter, upon being adjudicated neglected, the children were placed in the custody of the Commissioner of Social Services in October 1984. The record here is inadequate to determine whether the mother's problems leading to the prior finding of neglect have been resolved adequately to warrant the restoration of custody to her at this time *(cf., Matter of Sheila G., supra).* Accordingly, that part of the Family Court's order awarding immediate custody of the children to the mother should be vacated. The question of custody should be addressed upon further application by the mother, or the agency, and the determination of the children's best interests must involve, *inter alia,* an assessment of the mother's current circumstances.

With regard to the father, we agree that the petitioner also failed to meet the burden of establishing permanent neglect but conclude that the agency did successfully meet its burden in proving that the father abandoned his children. Pursuant to Social Services Law § 384-b (5) (a) a child is abandoned by his parent if the parent evinces an intent to forego his parental rights and obligations as manifested by his failure to visit the child and communicate with the child or agency although able to do so and not prevented or discouraged from doing so by the agency. Once a showing is made that the parent has failed to communicate or visit during the six-

month period immediately prior to the date on which the petition was filed, the parent must show good reason for the failure to visit or communicate.

The father was prohibited from visiting the children by an order issued on October 18, 1984, pursuant to the prior child protective proceeding brought in the Bronx Family Court. However, the father was instructed by the caseworker to maintain contact with the agency, which the father failed to do. Significantly, at the fact-finding hearing, the father failed to introduce any evidence to explain his complete lack of contact with the children and the agency. Accordingly, those branches of the petitions which asserted that the father abandoned the children should not have been dismissed, and the matter is remitted to the Family Court, Kings County, for a hearing to determine what disposition should be made in accordance with the best interests of the children (see, Family Ct Act §§ 623, 625; Matter of Kenny D. C., 79 AD2d 1024).

We have reviewed the remaining contentions raised by the parties and find them to be without merit. Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.