■ In the Matter of the PLACEMENT AND SECRETION OF EAVESDROPPING DEVICES AT 106-13 101ST AVENUE, QUEENS, NEW YORK. [614 NYS2d 930] —Application by Michael McLaughlin, a co-owner of premises known as 106-13 101st Avenue in Queens, pursuant to CPL 700.50 (3), for inspection of the communications intercepted at that location pursuant to an eavesdropping warrant.

Ordered that the application is denied.

No communications of the applicant were intercepted. Miller, J.

■ In the Matter of ST. VINCENT'S SERVICES, INC., on Behalf of DONNA D. and Another, Children Alleged to be Abandoned, Respondent, v DONALD D., Appellant, et al., Respondent. [614 NYS2d 914] —In a proceeding pursuant to Social Services Law § 384-b to permanently terminate the parental rights of the mother and father of the children Donna D. and Donald Ray D., on the ground of, *inter alia,* abandonment, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Palmer, J.), entered October 25, 1991, as, after a fact-finding hearing, terminated his parental rights on the ground of abandonment without conducting a dispositional hearing.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant concedes that the record supports the Family Court's factual determination of abandonment, which was made in accordance with Social Services Law § 384-b. We find that the Family Court acted within its discretion by immediately terminating the appellant's parental rights without holding a dispositional hearing *(see, Matter of Joyce T.,* 65 NY2d 39; *see also, Matter of Israel R.,* 200 AD2d 498). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.