OPINION OF THE COURT
Arthur J. Abrams, J.
The gravamen of respondent’s motion to dismiss pursuant to CPLR 3211 and 3212 is that the action to terminate his parental rights relative to Social Services Law § 384-b (4) (b) abated upon removal of the child from foster care and return to her natural mother. Petitioner argues that respondent abandoned his child for the six consecutive months prior to the filing on the instant petition in January 1994 and that the subsequent return of the child to her mother is something to be addressed at the dispositional hearing and should not be the basis for dismissal of the action. The child’s Law Guardian reluctantly acquiesces that the statute does not support a termination of parental rights proceeding after the child has been returned to her biological parent but adds that it is not in her client’s best interests to have contact with respondent.
There is no dispute that the mother’s dispositional order of December 1993, docket number K-53-91, continued the child’s foster care until July 3, 1994 and directed the mother to enroll in the HELP program and attend counseling. There is also no dispute that sometime after the dispositional order the mother and child resided at the HELP program, that the mother successfully completed the HELP program, and that subsequent to her discharge from HELP the child remained with her mother and is no longer in the custody or control of the petitioning Department of Social Services.
Pursuant to Social Services Law § 384-b (1) (b) it was the intent of the Legislature to provide a mechanism within section 384-b to "provide procedures not only assuring that the rights of the natural parent are protected, but also, where positive, nurturing parent-child relationships no longer exist, furthering the best interests, needs, and rights of the child by terminating parental rights and freeing the child for adoption.” The last phrase: "terminating parental rights and freeing the child for adoption” is not to be read in the disjunctive. The purpose of terminating the parental rights of parents who have abandoned their children placed in foster care is to *63 enable the agency to have the children adopted into permanent homes. (See, Matter of Smith v Lascaris, 106 Misc 2d 1044 [1980].) Further, pursuant to Family Court Act § 614 (b) a proceeding for the commitment of the guardianship and custody must allege that the subject child is in the care of an authorized agency. When the subject child was returned to her mother both the mechanism and purpose of terminating the respondent father’s parental rights abated. The child is not in foster care nor has her mother opted to free her for adoption. The question of whether it is in the child’s best interests to have contact with her father is not the subject of the instant petition.
The mandate that a fact-finding hearing be followed by a dispositional hearing to determine what is in the child’s best interests is provided in Family Court Act § 625 relative to a petition alleging that the child is a permanently neglected child. There is no directive that a dispositional hearing is necessary upon a finding that the child has been abandoned. (See, Matter of Dlaine Bernice S., 72 AD2d 775 [1979].) Therefore, petitioner’s position that the subsequent return of the child to her mother be addressed at the dispositional hearing is without merit.
Accordingly, respondent’s motion to dismiss pursuant to CPLR 3211 and 3212 is hereby granted and it is unnecessary to address his remaining arguments.