■ In the Matter of LITTLE FLOWER CHILDREN'S SERVICES, on Behalf of FEMALE M., Respondent, v CLINTON TRACY M., Appellant. [635 NYS2d 250] —In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the father appeals from an order of disposition of the Family Court, Queens County (Schindler, J.), dated December 2, 1994, which, after a fact-finding hearing, terminated his parental rights on the ground of abandonment without first conducting a dispositional hearing.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly terminated the father's parental rights. The petitioner established by clear and convincing evidence that the father had failed to visit the child or to communicate with the child or with the petitioner during the six-month period immediately prior to the date on which the petition was filed *(see,* Social Services Law § 384-b [5] [a]). In addition, the father did not show good reason for his failure *(see, Matter of Charmaine T.,* 173 AD2d 625, 626). The father's incarceration did not relieve him of the obligation to maintain contact with the child *(see, Matter of I. R.,* 153 AD2d 559).

The Family Court acted within its discretion by terminating the father's parental rights without first conducting a dispositional hearing *(see, Matter of Joyce T.,* 65 NY2d 39; *Matter of St. Vincent's Servs. v Donald D.,* 205 AD2d 785). Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.