■ In the Matter of LATISHA I., a Child Alleged to be Permanently Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; SHIRLEY ANN H., Respondent; RAYMOND I., Appellant. (Proceeding No. 1.) In the Matter of SHANICE H., a Child Alleged to be Permanently Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; SHIRLEY ANN H., Respondent; RAYMOND I., Appellant. (Proceeding No. 2.) [656 NYS2d 934] —In two proceedings pursuant to Social Services Law § 384-b to adjudicate Latisha I. and Shanice H. permanently neglected children and to terminate the parental rights of the mother and the putative father, the putative father appeals (1) from a decision of the Family Court, Kings County (Staton, J.), entered April 20, 1995, in both proceedings, made after a fact-finding hearing, which determined that the subject children were permanently neglected, and (2), as limited by his brief, from so much of two orders of disposition of the same court, both entered July 26, 1995, as, upon the appellant's default in appearing at the fact-finding hearing and upon the denial of his application to vacate that default, granted the petitions of Little Flower Children's Services to adjudicate the subject children to be permanently neglected children and terminated the appellant's parental rights.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The decision to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the court. A party seeking to vacate an order entered upon his or her default must establish that there is a reasonable excuse for the default and a meritorious defense (see, Matter of Naajila J., 235 AD2d 540; Matter of Little Flower Children's Servs. [Sean Courtney G.] v Vernon J., 213 AD2d 548). We agree with the Family Court that the respondent putative father has not "made the requisite showing" (Matter of Naajila J., supra). Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.