■ In the Matter of LAKESIDE FAMILY & CHILDREN'S SER-VICES, on Behalf of ANGEL TAKIMA C., Respondent. ANTHONY O., Appellant. [662 NYS2d 74] —In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the father appeals from so much of an order of disposition of the Family Court (Rivera, J.), dated March 8, 1996, which, after a fact-finding hearing, terminated his parental rights on the ground of abandonment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court properly terminated the father's parental rights as the petitioner established by clear and convincing evidence that the father failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date on which the petition was filed (*see,* Social Services Law § 384-b [5] [a]), and the father failed to show good reason for his failure (*see, Matter of St. Christopher-Ottilie [Ricarte Angel C.] v Awilda C.,* 220 AD2d 514; *Matter of Charmaine T.,* 173 AD2d 625, 626). The father was not denied a fair trial by the Family Court's exclusion of his testimony that during the entire six-month period he was incarcerated. Incarceration does not relieve a parent of the obligation to maintain contact with the child and the father here failed to offer any other evidence as to why he did not maintain contact (*see, Matter of I. R.,* 153 AD2d 559).

The Family Court acted within its discretion by terminating the father's parental rights without first conducting a dispositional hearing (*see, Matter of Joyce T.,* 65 NY2d 39; *Matter of Little Flower Children's Serv. [Female M.] v Clinton Tracy M.,* 222 AD2d 507). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.