■ In the Matter of RONALD D., JR. RONALD D., SR., Appellant; ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [722 NYS2d 762] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the father appeals from an order of the Family Court, Orange County (McGuirk, J.), entered March 24, 1999, which, after a fact-finding hearing, terminated his parental rights on the ground of abandonment.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that there was clear and convincing proof that the appellant abandoned his son during the six-month period prior to the filing of the petition on April 24, 1998 (see, Social Services Law § 384-b [5] [b]; Matter of I.R., 153 AD2d 559, 560; Matter of Rose Marie M., 94 AD2d 734). The appellant's one contact with his son during the time the appellant was incarcerated was insufficient to avoid the termination of his parental rights (see, Matter of Ravon Paul H., 161 AD2d 257; Matter of Crawford, 153 AD2d 108; Matter of Michael David K., 78 AD2d 901). In addition, the appellant failed to establish good cause for his failure to contact or communicate with his son (see, Matter of Charmaine T., 173 AD2d 625, 626). Neither the order of protection which directed the appellant to stay away from his son, nor the appellant's incarceration, prevented him from otherwise contacting his son or the foster care agency by telephone or by letter (see, Matter of Anthony M., 195 AD2d 315; Matter of Dawntal Danielle C., 170 AD2d 375; Matter of Thomas G., 165 AD2d 729; Matter of I.R., supra; Matter of Ulysses T., 87 AD2d 998). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.