In the Matter of DERRICK J. ST. CHRISTOPHER-OTTILIE, Respondent; JERMAINE T., Appellant. [731 NYS2d 627] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from so much of an order of fact-finding and disposition (one paper) of the Family Court, Kings County (Lopez-Torres, J.), dated May 17, 2000, as, after a hearing, terminated his parental rights and transferred custody and guardianship rights to St. Christopher-Ottilie and the Commissioner of Social Services of the City of New York for purposes of adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that there was clear and convincing proof of the appellant's abandonment of his child during the six-month period prior to the filing of the petition in view of the total absence of contact between the appellant and the child (*see,* Social Services Law § 384-b [5] [b]; *Matter of Ronald D.,* 282 AD2d 533; *Matter of Oneka O.,* 249 AD2d 233; *Matter of Orange County Dept. of Social Servs. [Christine S.],* 203 AD2d 367). Neither the appellant's incarceration nor the child's special needs prevented the appellant from contacting his child or the agency by telephone or letter (*see, Matter of Ronald D., supra; Matter of Orange County Dept. of Social Servs., supra; Matter of Anthony M.,* 195 AD2d 315). While the petitioner, which had determined that adoption would be in the best interest of the child, made no effort to arrange for the child to visit the appellant in prison, it was under no obligation to do so (*see,* Social Services Law § 384-b [5] [b]; *Matter of Julius P.,* 63 NY2d 477; *Matter of Anonymous,* 40 NY2d 96; *Matter of Tony Reyes W.,* 266 AD2d 222; *Matter of Shakim Ravon B.,* 257 AD2d 547). The petitioner did not prevent or discour-

age contact between the appellant and the child (*see, Matter of Oneka O., supra*). Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.