■ In the Matter of TASHARA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLEN B., Appellant.

[749 NYS2d 173] —In a proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of abandonment, the father appeals from an order of disposition of the Family Court, Suffolk County (Blass, J.), entered May 3, 2001, which, without a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing proof of the appellant's abandonment of his child during the six-month period prior to the filing of the petition, in view of the total absence of contact between the appellant and the child during that period (*see* Social Services Law § 384-b [5] [a], [b]; *Matter of Derrick J.,* 287 AD2d 503; *Matter of Ronald D.,* 282 AD2d 533). The appellant's incarceration did not prevent him from contacting his child or the agency by telephone or letter (*see Matter of Derrick J., supra; Matter of Ronald D., supra*). The petitioner was under no obligation to arrange for visitation (*see* Social Services Law § 384-b [5] [b]; *Matter of Julius P.,* 63 NY2d 477; *Matter of Derrick J., supra*), and it did not prevent or discourage contact between the appellant and his child (*see Matter of Derrick J., supra*).

Under the circumstances, the Family Court providently exercised its discretion when it determined that a dispositional hearing was not required before terminating the appellant's parental rights (*see Matter of Little Flower Children's Servs. [Female M.] v Clinton Tracy M.,* 222 AD2d 507; *Matter of St. Vincent's Servs. [Donna D.] v Donald D.,* 205 AD2d 785; *Matter of Dlaine Bernice S.,* 72 AD2d 775, 776).

Finally, contrary to the appellant's contention, he was not denied the effective assistance of counsel (*see Matter of Omar B.,* 175 AD2d 834; *Matter of Erin G.,* 139 AD2d 737, 739; *see also People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.