■ In the Matter of AUTUMN B., an Infant. BETTY C., Appellant; ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [751 NYS2d 67] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered July 12, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to SCPA article 17, to appoint petitioner guardian of Autumn B.

This proceeding concerns the guardianship of Autumn B., born in 1998. In April 1999, respondent apparently commenced a neglect proceeding against the child's mother who, in response thereto, consented to the temporary placement of the child in foster care. Based upon the mother's subsequent admissions, Family Court found Autumn to be a neglected child and placed her in the custody of respondent until August 22, 2000. That placement subsequently was extended to June 2001. In the interim, petitioner, the child's maternal great aunt, learned of the child's birth and commenced this proceeding seeking guardianship of Autumn. The child's foster parents thereafter cross-petitioned for similar relief. Following a hearing, Family Court dismissed both applications for guardianship and determined that it was in Autumn's best interest to remain in foster care. This appeal by petitioner ensued.

We affirm. Petitioner initially contends that respondent erred in failing to conduct an appropriate search for a suitable relative with whom to place Autumn following the child's removal from her mother's home (*see* Family Ct Act § 1017 [1]; Social Services Law § 384-a [1-a]). Had respondent conducted such a search, petitioner asserts, the child could have been placed with her from the start, thereby obviating the need for the

commencement of the instant guardianship proceeding. Once such proceeding was commenced, the argument continues, Family Court erred in failing to accord sufficient weight to petitioner's status as the child's maternal great aunt in determining the guardianship issue. For the reasons that follow, we find these arguments to be unpersuasive.

Assuming, without deciding, that respondent indeed failed to discharge its statutory duty to search for a suitable relative with whom to place Autumn prior to placing her in foster care, petitioner's entire argument on this point is premised upon the assumption that had such a search taken place, the child necessarily would have been placed with her. As Family Court aptly observed, however, the same factors that resulted in the denial of petitioner's guardianship application would have militated against placing Autumn with her in the first instance.

Turning to the merits of the underlying application, petitioner simply is incorrect in asserting that, as the child's maternal great aunt, she is entitled to preferential treatment in seeking guardianship of Autumn. While it is true that a biological parent has a right to the care and custody of his or her child, superior to that of all others, unless such parent has abandoned that right or has been proven to be unfit (*see Matter of Michael B.*, 80 NY2d 299, 309), those superior rights do not extend to a nonparent seeking custody or guardianship. Stated another way, petitioner's status as Autumn's maternal great aunt "does not grant her a superior right to custody, nor does [she] enjoy any precedence or preference in this regard" (*Matter of Gladys B. v Albany County Dept. of Social Servs.*, 274 AD2d 689, 690). Thus, Family Court's resolution of petitioner's application appropriately was based solely upon the "best interest of the child" standard (*see* SCPA 1707; Family Ct Act § 661; *cf. Matter of Gladys B. v Albany County Dept. of Social Servs.*, *supra* at 690; *Matter of D. Children*, 177 AD2d 393, *appeal dismissed* 79 NY2d 911).

Based upon our review of the record as a whole, we cannot say that Family Court erred in determining that it was in Autumn's best interest to deny petitioner's application. Although petitioner plainly adores Autumn and no doubt could provide a stable and loving home for the child, the record nonetheless demonstrates that as of the time of the hearing, petitioner "already ha[d] a full plate." Specifically, the transcript reveals that petitioner, who suffers from lupus and has a history of other health problems, already was caring for her three young grandchildren, in addition to her then 12-year-old stepson and 84-year-old grandmother. Although petitioner's

grandmother apparently has died since the hearing, that does not alter the fact that petitioner bears daily responsibility for four other children. In view of this and other evidence in the record, we are unable to discern any basis upon which to disturb Family Court's resolution of this matter.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.