■ In the Matter of TENISHA TISHONDA T. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; JEANETTE W. et al., Appellants. (Proceeding No. 1.) In the Matter of WILBERT DESHAWN W. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; JEANETTE W. et al., Appellants. (Proceeding No. 2.) In the Matter of JEANETTE W. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; JEANETTE W. et al., Appellants. (Proceeding No. 3.) In the Matter of HAKEEM DIEON K. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; JEANETTE W. et al., Appellants. (Proceeding No. 4.) In the Matter of "FEMALE" W., Also Known as KAREEMA W. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; JEANETTE W. et al., Appellants. (Proceeding No. 5.) [755 NYS2d 277] —In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the mother, Jeanette W., appeals, as limited by her brief, from so much of five dispositional orders (one as to each child) of the Family Court, Kings County (Grosvenor, J.), all dated February 14, 2001, as, after a fact-finding hearing and a dispositional hearing, terminated her parental rights on the ground of abandonment and committed her five children to the guardianship and custody of Family Support Systems Unlimited, Inc., and the Commissioner of Social Services for the purpose of adoption, and Bessie W., the maternal grandmother, separately appeals from so much of the five dispositional orders as, in effect, denied her petition for guardianship and foster care of the five children. The mother's appeal brings up for review an order of the same court, dated October 6, 1999, denying her motion to vacate the fact-finding order entered on her default.

Ordered that the appeals by Bessie W. are dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

"The determination whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court" (*Matter of Samantha P.,* 297 AD2d 348 [2002]; *see Matter of Samaria Ann B.,* 293 AD2d 532 [2002]). In seeking to vacate the fact-finding order, the mother

was obligated to show that there was a reasonable excuse for her default and a meritorious defense (*see Matter of Iris R.,* 295 AD2d 521, 522 [2002], *lv denied in part* 99 NY2d 530 [2002]; *Matter of Angel Joseph S.,* 282 AD2d 752 [2001]; *Matter of Latisha I.,* 238 AD2d 340 [1997] ). We agree with the Family Court that the mother did not make the requisite showing.

The Family Court properly determined that there was clear and convincing proof that the mother abandoned the five children during the six-month period before the filing of the petitions on August 7, 1997 (*see* Social Services Law § 384-b [3] [g]; [4] [b]; *Matter of Tashara B.,* 299 AD2d 356 [2002]; *Matter of Derrick J.,* 287 AD2d 503 [2001]; *Matter of Ronald D., Jr.,* 282 AD2d 533 [2001]).

The only concern at a dispositional hearing is the best interests of the children (*see Matter of Star Leslie W.,* 63 NY2d 136, 147 [1984]; *Matter of Michael V.,* 279 AD2d 668 [2001]; *Matter of Tiffany A.,* 242 AD2d 709, 712 [1997]). The Family Court's finding that the children's best interests would be served by freeing them for adoption by their foster mother, with whom they resided since 1995, when the oldest child was only 4½ years of age, and with whom they developed significant bonds, is supported by a preponderance of the evidence (*see Matter of Phillip DeJohne E.,* 279 AD2d 360 [2001]; *Matter of Dominique S.,* 276 AD2d 367, 368 [2000]; *Matter of Jayson M.,* 177 AD2d 396, 397 [1991]). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.