In a proceeding pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the ground of abandonment, the mother appeals from so much of an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Jamieson, J), entered May 30, 2002, as, upon a finding that she had abandoned the subject child without a dispositional hearing, terminated her parental rights and transferred custody and guardianship of the subject child to the Westchester County Department of Social Services for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The Family Court properly determined that there was clear and convincing proof of the mother’s abandonment of her child during the six-month period before the filing of the petition, in view of the total absence of contact between her and the child during that period (see Social Services Law § 384-b [5] [a], [b]; Matter of Derrick J., 287 AD2d 503 [2001]; Matter of Tashara B., 299 AD2d 356, 357 [2002]). The mother’s incarceration did not prevent her from contacting her child or the agency by telephone or letter (see Matter of Derrick J., supra; Matter of Tashara B., supra). The petitioner was under no obligation to arrange for visitation (see Social Services Law § 384-b [5] [b]; Matter of Julius P., 63 NY2d 477, 484 [1984]; Matter of Derrick J., supra), and it did not prevent or discourage contact between the appellant and her child (see Matter of Derrick J., supra). Under the circumstances, the Family Court providently exercised its discretion when it determined that a dispositional hearing was not required before terminating the appellant’s parental rights (see Matter of Tashara B., supra).
The appellant’s remaining contentions are without merit. Ritter, J.E, Florio, S. Miller and H. Miller, JJ., concur.