Appeal from an order of Family Court, Erie County (Rosa, J.), entered July 23, 2002, which adjudged that Antonio J. is an abandoned child, transferred the guardianship and custody rights of respondent to petitioner and authorized petitioner to consent to the adoption of the child.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Family Court properly terminated the parental rights of respondent with respect to his son on the ground of abandonment (see Social Services Law § 384-b [4] [b]; Matter of Derrick J., 287 AD2d 503 [2001], lv denied 97 NY2d 608 [2002]; Matter of Anthony M., 195 AD2d 315 [1993]). The child was born out of wedlock in 1991 and has been in foster care since December 1998. The present proceeding was commenced in March 2000 after the mother voluntarily surrendered her parental rights. Respondent has not seen the child since shortly before respondent’s incarceration in December 1998, and respondent does not dispute that he failed to contact the child or petitioner during the six-month period immediately prior to the filing of the petition (see § 384-b [5] [a]). The contention of respondent that the mother concealed the child’s whereabouts from him is not supported by the record inasmuch as there was a complete absence of any contact between the mother and respondent during the relevant time period. Indeed, respondent’s last contact with the mother prior to the filing of the petition was shortly before respondent was incarcerated. The testimony of respondent that he unsuccessfully tried to locate the mother and the child while incarcerated was not credited by the court, *881 and that finding, “which turns almost entirely ... on the assessment of the character and temperament of the parent, . . . must be accorded the greatest respect” (Matter of Irene O., 38 NY2d 776, 777 [1975]). The burden rested on respondent to maintain contact with the child (see Matter of Julius P., 63 NY2d 477, 481 [1984]), and thus we deem it irrelevant that the efforts of petitioner to locate respondent may have been thwarted by incorrect information provided by the mother. Present — Pigott, Jr., PJ., Green, Pine, Wisner and Gorski, JJ.