■ In the Matter of THOMAS Z. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS Z., Appellant. [770 NYS2d 879]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of abandonment, the father appeals from an order of disposition of the Family Court, Dutchess County (Amodeo, J.), dated November 25, 2002, which, without a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the subject child to the Dutchess County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly determined, by clear and convincing evidence, that the appellant abandoned his child during the six-month period prior to the filing of the petition in view of the total absence of contact between the appellant and the child during that period (*see* Social Services Law § 384-b [5]; *Matter of Julius P.,* 63 NY2d 477 [1984]; *Matter of Tashara B.,* 299 AD2d 356 [2002]; *Matter of I.R.,* 153 AD2d 559 [1989]). The appellant's incarceration and his residence in a drug-treatment facility did not prevent him from communicating with the child or the agency by letter or by telephone (*see Matter of Tashara B.,*

*supra* at 357; *Matter of Derrick J.,* 287 AD2d 503 [2001]; *Matter of T. Children,* 284 AD2d 401 [2001]; *Matter of I.R., supra* at 561).

Under the circumstances, the Family Court providently exercised its discretion in terminating the appellant's parental rights without conducting a dispositional hearing (*see Matter of Tashara B., supra; Matter of Little Flower Children's Servs. [Female M.] v Clinton Tracy M.,* 222 AD2d 507 [1995]; *Matter of St. Vincent's Servs. [Donna D.] v Donald D.,* 205 AD2d 785 [1994]). Finally, the record indicates that the appellant was provided effective assistance of counsel (*see Matter of Tashara B., supra*). Santucci, J.P., Florio, S. Miller and Rivera, JJ., concur.