■ In the Matter of KHIERK T. CHILD DEVELOPMENT SUPPORT CORPORATION, Respondent; NABILA T. et al., Appellants. [785 NYS2d 501]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of mental illness, and to terminate the father's parental rights on the

ground of abandonment, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.), dated August 29, 2003, as, after a fact-finding hearing, found that she is presently and for the foreseeable future unable, by reason of her mental illness, to provide proper and adequate care for her child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption, and the father appeals from so much of the same order as, after a fact-finding hearing, found that he abandoned the child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs and disbursements.

The Family Court properly found that there was clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (*see* Social Services Law § 384-b [4] [c]; *Matter of Winston Lloyd D.*, 7 AD3d 706 [2004]).

The Family Court also properly determined that there was clear and convincing evidence that the father abandoned his child (*see* Social Services Law § 384-b [5] [b]; *Matter of Ronald D. Jr.*, 282 AD2d 533 [2001]). The case records clearly demonstrated that there was a lack of contact between the father and his child or the Child Support Development Corporation (hereinafter the agency). Indeed, the father knew that his child was placed in foster care in 1997 or 1998, but contacted the agency only once since that time (*see Matter of Shannon QQ.*, 262 AD2d 679 [1999]). Furthermore, the father's incarceration did not preclude him from contacting the agency or his child, nor is there is any evidence that the agency prevented or discouraged contact between the father and his child (*see Matter of Derrick J.*, 287 AD2d 503 [2001]).

Finally, the Family Court providently exercised its discretion in denying the father's request for a second adjournment in order to secure the attendance of a witness (*see People v Foy*, 32 NY2d 473 [1973]; *Matter of Ebony H.*, 234 AD2d 460, 461 [1996]). Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.