■ In the Matter of PORSCHA MONIQUE J., an Infant. GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, et al., Respondents; JEROME W., Appellant. [799 NYS2d 780]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, Jerome W. appeals, as limited by his brief, from (1) so much of an order of fact-finding and disposition of the Family Court, Kings County (Freeman, J.), dated April 20, 2004, as, upon his default in appearing at the fact-finding and dispositional hearings, found that he was not the father of the subject child to whom notice of the proceeding was required pursuant to Domestic Relations Law § 111-a or whose consent was required for the adoption of the subject child, and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and Graham-Windham Services to Families and Children for the purpose of adoption, and (2) an order of the same court dated May 10, 2004, which denied his motion to vacate his default in appearing at the fact-finding hearing.

Ordered that the appeal from the order of fact-finding and disposition dated April 20, 2004, is dismissed, without costs or disbursements, as no appeal lies from an order made upon the default of an appealing party (see CPLR 5511; Matter of Iris R., 295 AD2d 521 [2002]; and it is further,

Ordered that the order dated May 10, 2004, is affirmed, without costs or disbursements.

The Family Court properly denied the appellant's motion to vacate his default in appearing at the fact-finding hearing. To vacate the default, the appellant had to provide a reasonable excuse for his default and offer a meritorious defense to the proceeding (*see Matter of Helena W.*, 6 AD3d 541 [2004]; *Matter of Ricky V.*, 4 AD3d 368 [2004]; *Matter of Iris R., supra; Matter of Angel Joseph S.*, 282 AD2d 752 [2001]; *Matter of Latisha I.*, 238 AD2d 340 [1997]). The appellant's excuse that he believed the hearing was at a different time was unconvincing in view of the fact that he was in court when the date and time for the hearing were selected (*see Matter of Shakyra M.*, 270 AD2d 941 [2000]). Moreover, the appellant did not offer a meritorious defense to the proceeding (*Matter of Helena W., supra; Matter of Ricky V., supra; Matter of Iris R., supra*). H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.