■ In the Matter of JESSICA LESLIE A., Also Known as JESSICA A., Also Known as JESSICA M., Also Known as JESSICA C. LITTLE FLOWER CHILDREN AND FAMILY SERVICE et al., Respondents; DAVID A., Appellant. [876 NYS2d 161]—

In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of abandonment, the father appeals from an order of disposition of the Family Court, Kings County (Danoff, J.), dated May 8, 2008, which, upon a fact-finding order of the same court dated March 31, 2008, made after a fact-finding hearing, determined that he abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to Little Flower Children and Family Services and the Commissioner of Social Services of the City of New York for the purpose of adoption. The notice of appeal from the fact-finding order dated March 31, 2008, is deemed to be a notice of appeal from the order of disposition dated May 8, 2008 (*see* CPLR 5512 [a]). The appeal brings up for review the fact-finding order dated March 31, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing proof that the father abandoned the subject child during the six-month period before the filing of the petition, in view of the total absence of contact between the father and the child during that period (*see* Social Services Law § 384-b [5] [a], [b]; *Matter of Jahmir Domevlo J.*, 8 AD3d 280, 280-281 [2004]; *Matter of Derrick J.*, 287 AD2d 503 [2001]). Neither an order of protection nor the father's incarceration prevented him from otherwise contacting his child or the petitioner agency by telephone or by letter (*see Matter of Adonis Earl S.*, 14 AD3d 614, 615 [2005]; *Matter of Jahmir Domevlo J.*, 8 AD3d at 281; *Matter of Orange County Dept. of Social Servs. [Diane A.]*, 203 AD2d 367 [1994]). Moreover, the petitioner agency did not prevent or discourage contact between the father and the child (*see Matter of Derrick J.*, 287 AD2d at 503-504). Finally, the Family Court properly concluded that it was in the child's best interests to terminate the father's parental rights (*see Matter of Andrew R.*, 21 AD3d 378 [2005]; *Matter of Lamont Dale M.*, 11 AD3d 544 [2004]).

The father's remaining contentions are without merit. Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.