■ In the Matter of QUIDA H., Appellant, v SARA H. et al., Respondents. [7 NYS3d 369]—

Appeal from an order of the Family Court, Richmond County (Arnold Lim, J.), dated September 23, 2013. The order, after a hearing, dismissed a petition filed by the maternal great aunt seeking guardianship of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The only concern at a dispositional hearing following a finding of permanent neglect is the best interests of the child (see Matter of Star Leslie W., 63 NY2d 136, 147 [1984]; Matter of Tenisha Tishonda T., 302 AD2d 534, 535 [2003]). "At this juncture, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency" (Matter of Adams v Administration for Children's Services-Queens, 122 AD3d 840, 840 [2014], citing Matter of Peter L., 59 NY2d 513, 520 [1983]). Similarly, when considering guardianship appointments, the child's best interests are paramount (see Matter of Deven Meza F. [Maria F.—Oneyda M.], 108 AD3d 701, 702 [2013], citing SCPA 1707 [1]).

Here, the record provides a sound and substantial basis for the Family Court's conclusion that it was in the best interests of the child to remain in her foster home and to be freed for adoption by her foster parents. At a hearing held on September 23, 2013, the evidence established that the petitioner, who was certified as a foster parent, made persistent efforts to be considered a resource for the child, had been visiting with the

child regularly since December 2012, and was beginning to form a loving bond with the child. Nevertheless, the petitioner was previously investigated by the respondent as a resource for the child, and it was determined for stated reasons that the child should remain in her foster home. The evidence at the hearing also established that the child, who was then 19 months old, had resided with her foster parents for almost her entire life and had formed significant bonds with them, and that the child was happy, healthy, well provided for, and thriving in that home environment (*see Matter of Adams v Administration for Children's Services-Queens*, 122 AD3d 840, 840 [2014]; *Matter of Chastity Imani Mc.*, 66 AD3d 782 [2009]; *Matter of Tenisha Tishonda T.*, 302 AD2d 534, 535 [2003]; *Matter of Autumn B.*, 299 AD2d 758, 759-760 [2002]; *Matter of Pleasant Edward G.*, 299 AD2d 358, 359 [2002]). Under these circumstances, the Family Court properly dismissed the guardianship petition of the child's maternal great aunt. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.