Matter of Aliyah S. P. (William L.) (2018 NY Slip Op 05472)





Matter of Aliyah S. P. (William L.)


2018 NY Slip Op 05472


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-10338
 (Docket No. B-6389-16)

[*1]In the Matter of Aliyah S. P. (Anonymous). Dutchess County Department of Community and Family Services, respondent; William L. (Anonymous), appellant.


Salvatore C. Adamo, New York, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Michael L. Rusilas of counsel), for respondent.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 18, 2017. The order, after a fact-finding hearing, found that the father abandoned the child and terminated his parental rights.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b against the father to terminate his parental rights on the ground of abandonment. Following a fact-finding hearing, the Family Court terminated his parental rights. We affirm.
To demonstrate that the father abandoned the subject child, the petitioner was required to establish by clear and convincing evidence that the father "evince[d] an intent to forego his . . . parental rights and obligations" by failing to visit or communicate with the child or petitioner during the six-month period before the petition was filed (Social Services Law § 384-b[5][a]; see Social Services Law § 384-b[4][b]; Matter of Andrea B., 66 AD3d 770). Here, the petitioner met this burden. The record reveals that the father did not contact the petitioner, or otherwise attempt contact with the child by sending letters, gifts, cards, or financial support (see Matter of Jeremiah Kwimea T., 10 AD3d 691, 692). The father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the child or the petitioner (see Matter of Beatrice A. [Selina A.], 158 AD3d 747, 748). Although the father testified to attempts to maintain contact through his mother and other family members, his testimony was vague and uncorroborated, and insufficient to overcome a showing of abandonment. Further, contrary to the father's contention, there was no evidence that the petitioner prevented or discouraged him from visiting or communicating with the petitioner or the child.
Finally, the Family Court providently exercised its discretion in terminating the [*2]father's parental rights without conducting a dispositional hearing (see Matter of Thomas Z., 4 AD3d 372, 373).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court