■ In the Matter of TONY REYES W. LITTLE FLOWER CHILDREN'S SERVICES, Appellant; LOUIS R., Respondent. (Proceeding No. 1.) In the Matter of KATHY LORRAINE W. LITTLE FLOWER CHILDREN'S SERVICES, Appellant; LOUIS R., Respondent. (Proceeding No. 2.) [697 NYS2d 690] —In related proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the respondent father, the petitioner appeals from two orders of the Family Court, Kings County (Elkins, J.), both entered May 7, 1998, which, upon a fact-finding hearing, dismissed the respective proceedings.

Ordered that the order entered in Proceeding No. 1, brought on behalf of Tony Reyes W., is reversed, on the law, without costs or disbursements, and the petition in this proceeding is granted; and it is further,

Ordered that the order entered in Proceeding No. 2, brought on behalf of Kathy Lorraine W., is affirmed, without costs or disbursements.

In 1995 the petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the respondent father based upon his abandonment of his two children. Following a fact-finding hearing, the Family Court determined that although the respondent failed to visit or communicate with the children during the six months preceding the filing of the petition, he rebutted the inference of abandonment with evidence that he had been discouraged by the petitioner from communicating with the children, and the children were not encouraged by the petitioner to respond to his letters. Accordingly, the court dismissed the proceedings.

The Family Court erred in dismissing Proceeding No. 1, brought on behalf of Tony Reyes W. The record does not establish that the petitioner prevented or discouraged contact between the respondent and the infant Tony Reyes W. While the petitioner determined that adoption would be in the best interests of the children and made no effort to encourage communication, it was under no obligation to do so (*see,* Social Services Law § 384-b [5] [b]; *Matter of Julius P.,* 63 NY2d 477; *Matter of Shakim Ravon B.,* 257 AD2d 547; *Matter of Oneka O.,* 249 AD2d 233; *Matter of Tasha B.,* 240 AD2d 778; *Matter of Naticia Q.,* 226 AD2d 755). The respondent failed to rebut the petitioner's showing that he had abandoned Tony. Thus, the petition in Proceeding No. 1 should have been granted.

We affirm the dismissal of Proceeding No. 2, brought on

behalf of Kathy Lorraine W., but we do so on a different ground than the one given by the Family Court. Dismissal is warranted in Proceeding No. 2 because the petitioner's authority to maintain that proceeding ceased when Kathy Lorraine W. attained the age of 18 (*see,* Social Services Law § 384-b; *see also, Matter of Matthew G.,* 184 AD2d 323). Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.