■ In the Matter of JOSE ANDRES M. FORESTDALE INC., et al., Respondents; JOSE M., Appellant. (Proceeding No. 1.) In the Matter of JUAN JOSE M. FORESTDALE INC., et al., Respondents; JOSE M., Appellant. (Proceeding No. 2.) [777 NYS2d 700]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Bogacz, J.), both dated May 6, 2003, which, after fact-finding and dispositional hearings, terminated his parental rights on the ground of abandonment and transferred custody and guardianship of the subject children to the petitioner Forestdale, Inc., and the Commissioner of Social Services for the City of New York for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

A parent's incarcerated status does not excuse him or her from establishing or maintaining contact with his or her child (*see Matter of Ronald D., Jr.*, 282 AD2d 533 [2001]; *Matter of Shakim Ravon B.*, 257 AD2d 547 [1999]; *Matter of Christine S.*, 203 AD2d 367 [1994]; *Matter of Anthony M.*, 195 AD2d 315, 316 [1993]). The record demonstrates that the father had no contact with the subject children during the six-month period prior to the filing of the petitions, and did not attempt to establish any contact. Contrary to the father's contention, the petitioners proved by clear and convincing evidence that he abandoned the subject children (*see Matter of Annette B.*, 2 AD3d 721 [2003]; Social Services Law § 384-b [5] [a]). Further, the Family Court properly concluded that it was in the children's best interests to terminate the father's parental rights (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]).

The father's remaining contention is without merit. Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.