In the Matter of Oscar L. Sheltering Arms Children's Services, Respondent; Laurentino L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Odalis Maria L.-C. Sheltering Arms Children's Services, Respondent; Laurentino L., Appellant, et al., Respondent. (Proceeding No. 2.) [779 NYS2d 218]—

In two proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of abandonment, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.) (one as to each child), both dated August 14, 2003, as, after fact-finding and dispositional hearings, found that he had abandoned and permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are modified on the law, by deleting the provisions thereof finding that the father permanently neglected the subject children; as so modified, the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Since the petitions did not allege that the father permanently neglected the children, the findings that he permanently neglected the children must be dismissed.

However, the Family Court properly determined that there was clear and convincing evidence of the father's abandonment of his children. Social Services Law § 384-b (5) (a) provides that a child is deemed "abandoned by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the agency." Here, during the relevant time period, there was an order of protection which prohibited the father from having contact with his children. Nevertheless, the record reveals that the father did not contact the agency that had custody of the children, or otherwise attempt indirect contact with the children by telephone or letter, during the six months prior to the filing of the petitions. "The parent who has

been prohibited from direct contact with the child, in the child's best interest, continues to have an obligation to maintain contact with the person having legal custody of the child" (*Matter of Gabrielle HH.*, 306 AD2d 571, 573 [2003] [internal quotation marks omitted], *affd* 1 NY3d 549 [2003]; *see* Domestic Relations Law § 111 [2] [a]). The father's failure to maintain such contact was a clear manifestation of his intent to forego his parental rights (*see Matter of Gabrielle HH.*, 1 NY3d 549 [2003]; *see also* Social Services Law § 384-b [5] [a]). Moreover, as the Family Court further determined, it is clear that the children's best interests are served by terminating the father's parental rights and freeing the children for adoption (*see Matter of Messiah Quwan D.*, 288 AD2d 383 [2001]).

The father's remaining contentions are without merit. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.