■ In the Matter of ELIZABETH SUSANNA R., Also Known as ELIZABETH R. SAINT DOMINIC'S HOME, Respondent; VICTOR R., Also Known as VICTOR HUGO R., Also Known as VICTOR R., SR., Also Known as VICTOR H.R., Appellant. (Proceeding No. 1.) In the Matter of VICTOR MANUEL R., Also Known as VICTOR R. SAINT DOMINIC'S HOME, Respondent; VICTOR R., Also Known as VICTOR HUGO R., Also Known as VICTOR R., SR., Also Known as VICTOR H.R., Appellant. (Proceeding No. 2.) In the Matter of RUBEN LEONEL R., Also Known as RUBEN R., Also Known as RUBIN R. SAINT DOMINIC'S HOME, Respondent; VICTOR R., Also Known as VICTOR HUGO R., Also Known as VICTOR R., SR., Also Known as VICTOR H.R., Appellant. (Proceeding No. 3.) [783 NYS2d 641]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from three orders of disposition of the Family Court, Kings County (Lim, J.), all dated June 23, 2003 (one as to each child), which, after a joint fact-finding hearing, and upon an order of fact-finding of the same court dated May 19, 2003, finding that he abandoned the subject children, terminated his parental rights, freed the children for adoption, and transferred custody and guardianship of the children to Saint Dominic's Home and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

"A parent's incarcerated status does not excuse him or her from establishing or maintaining contact with his or her child" (*Matter of Jose Andres M.*, 8 AD3d 385 [2004]; *see Matter of Thomas Z.*, 4 AD3d 372, 372-373 [2004]; *Matter of Tashara B.*, 299 AD2d 356 [2002]; *Matter of Derrick J.*, 287 AD2d 503 [2001]; *Matter of T. Children*, 284 AD2d 401 [2001]). The record demonstrates that the father had no contact with the subject children during the six-month period prior to the filing of the petitions to terminate his parental rights, and made no attempt during that time to communicate with them or to contact the social services agency with which they were placed. The petitioner thus established, by clear and convincing evidence, that the father abandoned the subject children (*see* Social Services Law § 384-b [5] [a]; *Matter of Kimberly Y.*, 9 AD3d 412 [2004]; *Matter of Oscar L.*, 8 AD3d 569 [2004]; *Matter of Jose Andres M., supra; Matter of Annette B.*, 2 AD3d 721 [2003]). In opposition to the petitioner's showing, the Family Court properly determined that the father failed to satisfy his burden of proving that he suffered from a severe hardship that so permeated his life that attempts at communication were not feasible (*see Matter of Anthony M.*, 195 AD2d 315, 316 [1993]; *Matter of Catholic Child Care Socy. of Diocese of Brooklyn [Danny R.]*, 112 AD2d 1039 [1985]).

Contrary to the father's contention, there is no evidence that,

during the six months prior to the filing of the petition, the petitioner did anything to prevent or discourage him from contacting his children or communicating with them (*see Matter of Derrick J., supra; Matter of Tony Reyes W.*, 266 AD2d 222 [1999]; *Matter of Oneka O.*, 249 AD2d 233 [1998]). Moreover, the petitioner had no obligation to arrange for a visit or other forms of communication between the father and his children (*see* Social Services Law § 384-b [5] [a]; *Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *Matter of Anonymous*, 40 NY2d 96, 103 [1976]; *Matter of Tony Reyes W., supra* at 222; *Matter of Shakim Ravon B.*, 257 AD2d 547, 548 [1999]). Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.