— In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, (1) the mother appeals, and the father separately appeals, from an order of disposition of the Family Court, Nassau County (Foskey, J.), dated February 26, 2007, which, after fact-finding and dispositional hearings, terminated their parental rights upon a finding that they are presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, and transferred guardianship and custody of the subject child to the Commissioner of the Nassau County Department of Social Services for the purpose of adoption, and (2) the father appeals from an order of fact-finding and disposition of the same court, also dated February 26, 2007, which, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody of the subject child to the Commissioner of the Nassau County Department of Social Services for the purpose of adoption.
*553 Ordered that the first order of disposition dated February 26, 2007, is modified, on the law, by deleting the provision thereof terminating the father’s parental rights upon a finding that he is presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child; as so modified, the order is affirmed, without costs or disbursements; and it is further,
Ordered that the second order of fact-finding and disposition, also dated February 26, 2007, is affirmed, without costs or disbursements.
Inasmuch as the petition to terminate the father’s parental rights did not allege that he is presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, the termination of his parental rights upon that ground cannot be sustained (see Matter of Oscar L., 8 AD3d 569 [2004]).
However, the Family Court properly determined that there was clear and convincing evidence that the mother is presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child (see Social Services Law § 384-b [4] [c]; Matter of Cora P., 49 AD3d 650, 651 [2008]; Matter of Eligahes Kareem A., 47 AD3d 708 [2008]).
Further, the Family Court correctly terminated the father’s parental rights upon the ground of permanent neglect (see Social Services Law § 384-b [7] [a]). Despite the presentment agency’s diligent efforts to strengthen the parental relationship (see Social Services Law § 384-b [7] [f]; Matter of Sheila G., 61 NY2d 368, 373, 383 [1984]), the father failed to plan for the child’s future (see Matter of Jamie M., 63 NY2d 388, 393 [1984]; Matter of Anthony Martin L., 54 AD3d 1040 [2008]; Matter of “Female” M., 50 AD3d 1040, 1041 [2008]). Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.