■ In the Matter of ALEX JORDAN D., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMILY BERNICE S., Appellant. (Proceeding No. 1.) In the Matter of ELIJAH LEWIS J., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMILY BERNICE S., Appellant. (Proceeding No. 2.) [888 NYS2d 147]—

In two related proceedings pursuant to Social Services Law

§ 384-b to terminate parental rights on the grounds of permanent neglect and abandonment, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated July 31, 2008, which, after a hearing, terminated her parental rights upon findings that she permanently neglected Alex Jordan D. and abandoned Elijah Lewis S., and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. With respect to so much of the order as relates to proceeding No. 1, which pertains to Alex Jordan D., assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute the appeal.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

We have reviewed the record and agree with assigned counsel that there are no nonfrivolous issues which could be raised on appeal from so much of the order of fact-finding and disposition as relates to the child Alex Jordan D. Counsel's application for leave to withdraw as counsel from so much of the appeal as relates to that child is granted (*see Anders v California,* 386 US 738 [1967]; *Matter of Kowan Jamel Mosha F.,* 63 AD3d 741 [2009]).

With respect to the proceeding concerning the child Elijah Lewis J., the evidence at the hearing established, by clear and convincing evidence, that the appellant mother abandoned Elijah during the six-month period immediately prior to the filing of the petition (*see* Social Services Law § 384-b [4], [5] [a]; *Matter of Robert A.G.,* 62 AD3d 701 [2009]). The existence of an order of protection prohibiting contact between the mother and Elijah did not excuse her from maintaining contact with the petitioner, nor did the fact that she was incarcerated excuse her from doing so (*see Matter of Tiffany RR.,* 44 AD3d 1126 [2007]; *Matter of Elizabeth Susanna R.,* 11 AD3d 619 [2004]; *Matter of Oscar L.,* 8 AD3d 569 [2004]; *Matter of Jose Andres M.,* 8 AD3d 385 [2004]). Notably, on the two occasions during the relevant six-month period that the mother was visited in prison by Elijah's caseworker, she expressly indicated an intent to forgo her parental rights (*cf. Matter of Kerry J.,* 288 AD2d 221 [2001]).

The mother's remaining contention is without merit. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.