■ In the Matter of AMARU M., an Infant. MERCYFIRST, Appellant; KIZWANA M., Respondent, et al., Respondent. [929 NYS2d 764]—

The petitioner established by clear and convincing evidence that the mother abandoned the subject child by failing to visit, or maintain contact with the child or the petitioner, for a six-month period preceding the filing of the petition to terminate her parental rights (*see* Social Services Law § 384-b; *Matter of Annette B.*, 4 NY3d 509 [2005]; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970, 971 [2010]). Contrary to the Family Court's conclusion, the fact that the mother maintained communication with the petitioner regarding her other children, with whom she continued to visit, did not negate the petitioner's showing that the mother intended to forgo her parental rights and obligations with respect to the subject child,

about whom she did not substantially communicate with the agency (*see generally Matter of Peteress Reighly B.*, 62 AD3d 695, 696 [2009]; *cf. Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d at 971). Further, the mother failed to show that the petitioner prevented or discouraged her from communicating with the child or the agency (*see Matter of Alexa Ray R.*, 276 AD2d 703, 704 [2000]; *cf. Matter of Alex Jordan D.*, 66 AD3d 1013 [2009]). Accordingly, the Family Court should have granted so much of the petition as sought to terminate the mother's parental rights on the ground of abandonment, and we remit the matter to the Family Court, Kings County, for disposition. Skelos, J.P., Eng, Austin and Miller, JJ., concur.