■ In the Matter of HEZEKIAH L.J., Also Known as HEZEKIAH J., and Another. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MICHAEL J., Appellant. [19 NYS3d 587]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated April 21, 2014. The order, after a fact-finding hearing, insofar as appealed from, found that the father permanently neglected the subject child.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

In November 2010, in the Supreme Court, Kings County, the father entered a plea of guilty to murder in the second degree of his three-year-old daughter, the sister of the subject child, and to assault in the second degree for the injuries he inflicted on the subject child, who was 17 months old at the time of the incident. Subsequently, the Family Court, Kings County (Ambrosio, J.), determined that the father had severely and repeatedly abused the subject child. The court placed the child in foster care and excused the petitioner Little Flower Children and Family Services of New York (hereinafter the petitioner) from making reasonable efforts to reunite the father with the subject child.

The order appealed from determined, after a fact-finding hearing, that the petitioner had established, by clear and convincing evidence, that the father had permanently neglected and severely abused the subject child. The order also determined, upon a dispositional hearing, that the petitioner had established, by clear and convincing evidence, that the best interests of the subject child required termination of the father's parental rights and transfer of guardianship and custody of the subject child jointly to the Commissioner of Social Services and the petitioner for the purpose of adoption. The father has not appealed the finding of severe abuse, or the findings and conclusions of the Family Court regarding termination of his parental rights; instead, the father seeks to overturn the finding of permanent neglect.

The Family Court properly determined that the petitioner established, by clear and convincing evidence, that the father permanently neglected the subject child (see Social Services Law § 384-b [7] [a]; see also Matter of Yamilette M.G. [Marlene

*M.]*, 118 AD3d 698, 699 [2014]; *Matter of Dakota Y. [Robert Y.]*, 97 AD3d 858, 859-860 [2012]). With respect to the threshold determination of whether the petitioner made diligent efforts to reunite the subject child and the father, pursuant to Family Court Act § 1039-b, the father's convictions for murder in the second degree and assault in the second degree relieved the petitioner from any requirement to make diligent efforts to reunite the father and child (*see Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36, 51 [2013]; *Matter of Marino S.*, 100 NY2d 361, 372 [2003]). Neither the issuance of an order of protection barring the father from contact with the subject child (*see Matter of Alex Jordan D.*, 66 AD3d 1013, 1014 [2009]; *Matter of Elizabeth Susanna R.*, 11 AD3d 619, 620 [2004]), nor the father's incarceration exempted the father from his obligation to plan for the subject child (*see Matter of Kaheem Jamal T.*, 66 AD3d 690, 690 [2009]). The petitioner established, by clear and convincing evidence, inter alia, that the father failed for a period of more than one year following the subject child's placement with the petitioner to substantially plan for the child's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 699 [2014]; *Matter of Dakota Y. [Robert Y.]*, 97 AD3d 858, 859-860 [2012]).

Accordingly, the Family Court properly determined that the father permanently neglected the subject child, and the order of fact-finding and disposition must be affirmed insofar as appealed from. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.