■ In the Matter of Samantha L.S. Suffolk County Department of Social Services, Respondent; Daniel S., Appellant. [23 NYS3d 287]—

Appeals from (1) a decision of the Family Court, Suffolk County (David Freundlich, J.), dated November 25, 2014, and (2) an order of fact-finding and disposition of that court, also dated November 25, 2014. The order of fact-finding and disposition, after a fact-finding hearing, found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeal from the decision is dismissed,

without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 510 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner, Suffolk County Department of Social Services, filed a petition pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of abandonment. After a fact-finding hearing, the Family Court found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.

To demonstrate that the father abandoned the subject child, the petitioner was required to establish by clear and convincing evidence that he "evince[d] an intent to forego his . . . parental rights and obligations" by failing to visit or communicate with the child or petitioner during the six-month period before the petition was filed (Social Services Law § 384-b [5] [a]; *see Matter of Heaven A.A. [Tyrone W.]*, 130 AD3d 10 [2015]; *Matter of Christopher C. [Sherwin C.]*, 111 AD3d 715 [2013]). "Intent is manifested by the parent['s] failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (*Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *see Matter of Angela Simone S. [Simone M.]*, 107 AD3d 901 [2013]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]).

Here, the petitioner met this burden. The father, who was incarcerated, acknowledged receiving letters and notices from the petitioner but failed to respond at any time during the requisite six-month period. He also never met the child, did not contact her, and never sent her any gifts or attempted to provide support. In response to the petitioner's showing, the father failed to demonstrate that any "hardship permeated [his] life to such an extent that contact was not feasible" (*Matter of I.R.*, 153 AD2d 559, 560 [1989] [internal quotation marks omitted]). Furthermore, the father's incarceration did not relieve him of his responsibility to maintain contact or communicate with the subject child or the petitioner (*see Matter of Jake W.E. [Jonathan S.]*, 132 AD3d 990, 991 [2015]; *Matter of Jerralynn R. Mc. [Scott Mc.]*, 114 AD3d 793, 794 [2014]; *Matter of Jahmir Domevlo J.*, 8 AD3d 280, 281 [2004]). Accordingly, the Family Court properly granted the petition to terminate the father's parental rights on the ground of abandonment. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.