In the Matter of NYSHAWN R.V.S. SUFFOLK COUNTY DE-
PARTMENT OF SOCIAL SERVICES, Petitioner; ERICA M.V., Respon-
dent. (Proceeding No. 1.) In the Matter of NYSHAWN R.V.S. SUF-
FOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent;
TYSHAWN R.S., Appellant. (Proceeding No. 2.) [43 NYS3d 497]—

Appeal by the father from an order of fact-finding and
disposition of the Family Court, Suffolk County (Caren
Loguercio, J.), dated October 23, 2015. The order, insofar as
appealed from, after a hearing, found that the father abandoned
the subject child, terminated his parental rights, and trans-
ferred guardianship and custody of the subject child to the
petitioner Suffolk County Department of Social Services for the
purpose of adoption.

Ordered that the order is affirmed insofar as appealed from,
without costs or disbursements.

In September 2014, the Suffolk County Department of Social
Services (hereinafter the DSS) filed a petition seeking to
terminate the father's parental rights on the ground of
abandonment. After a hearing, the Family Court found that
the father abandoned the subject child, terminated his parental
rights, and transferred guardianship and custody of the child
to the DSS for the purpose of adoption. The father appeals.

An order terminating parental rights may be granted where
the petitioner has established, by clear and convincing
evidence, that the parent abandoned the subject child for the
six-month period before the petition was filed (see Social
Services Law § 384-b [3] [g] [i]; [4] [b]; Matter of Annette B., 4
NY3d 509, 513 [2005]). "An intent to abandon a child is
manifested by the parent's 'failure to visit the child or com-
municate with the child or the agency although able to do so
and not prevented or discouraged from doing so by the agency' "
(Matter of Tinisha J. [William J.], 135 AD3d 760, 761 [2016],
quoting Matter of Julius P., 63 NY2d 477, 481 [1984]). The
burden rests on the parent to maintain contact, and the agency
need not show diligent efforts to encourage the parent to visit
or communicate with the child (see Matter of Gabrielle HH., 1
NY3d 549, 550 [2003]; Matter of Julius P., 63 NY2d at 481;
Matter of Xtacys Nayarie M. [Jose Ruben M.], 74 AD3d 970,
971 [2010]).

Here, the Family Court properly determined that the DSS
established, by clear and convincing evidence, that the father
abandoned the child by failing to visit or maintain contact with
him, or the DSS, for the six-month period preceding the filing

of the petition to terminate his parental rights (*see* Social Services Law § 384-b [5] [a], [b]; *Matter of Samantha L.S. [Daniel S.]*, 134 AD3d 1128, 1129 [2015]; *Matter of Jessica Leslie A.*, 61 AD3d 679 [2009]; *Matter of Elizabeth Susanna R.*, 11 AD3d 619, 620 [2004]; *Matter of Kerry J.*, 288 AD2d 221 [2001]). Contrary to the father's contention, the testimony of the DSS's witnesses, which the court credited, does not support a finding that, during the six months prior to the filing of the petition, the DSS did anything to prevent or discourage him from contacting the child (*see Matter of Gabrielle HH.*, 1 NY3d at 550; *Matter of Elizabeth Susanna R.*, 11 AD3d at 620). Accordingly, the court properly determined that the father abandoned the child. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.