■ In the Matter of AKASHA J.G. CHILDREN'S VILLAGE et al., Respondents; VINCENT G., Appellant, et al., Respondent. [51 NYS3d 145]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Kings County (Alan Beckoff, J.), dated February 23, 2016. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the father abandoned the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the Children's Village and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner Children's Village (hereinafter the petitioner) commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground of abandonment. The petition alleged that the father was only entitled to notice of the proceeding pursuant to Social Services Law § 384-c and, alternatively, that if the father's consent for the adoption of the child was required, the father abandoned the child. After a hearing, the Family Court found that the father's consent for the adoption of the child was required. The court also found that the father abandoned the child, terminated his parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.

Contrary to the Family Court's finding, there was clear and convincing evidence that the father's consent for the adoption of the child was not required (see Domestic Relations Law § 111 [1] [d]; Matter of Heaven A.A. [Tyrone W.], 130 AD3d 10 [2015]; Matter of Tanay R.S. [Robert S.—Tanay M.], 122 AD3d 865 [2014]; Matter of Angelina J. [Frantz J.], 112 AD3d 932 [2013]). In any event, as the court properly found, clear and convincing evidence established that the father abandoned the child by failing to visit or maintain contact with her or the petitioner for the six-month period immediately preceding the filing of the petition to terminate his parental rights (see Social Services Law § 384-b [5] [a]; Matter of Nyshawn R.V.S. [Erica M.V.], 145 AD3d 902 [2016]; Matter of Samantha L.S. [Daniel S.], 134 AD3d 1128 [2015]; Matter of Thailique Nashean S. [Sean L.], 105 AD3d 428 [2013]), and that termination of the father's parental rights was in the best interests of the child.

The father's remaining contentions are without merit. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.