Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Rachel Hahn, J.), dated October 5, 2015. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner, Westchester County Department of Social Services, for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
 

 The petitioner, Westchester County Department of Social Services, filed a petition pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the ground of abandonment. After a fact-finding hearing, the Family Court found that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
 

 The petitioner established by clear and convincing evidence that the mother abandoned the child by failing to visit, or maintain contact with the child or the petitioner, for a six-month period preceding the filing of the petition to terminate her parental rights (see Social Services Law § 384-b; Matter of Amaru M. [Kizwana M.], 87 AD3d 1069, 1069 [2011]; Matter of Robert A.G., 62 AD3d 701, 701 [2009]; see also Matter of Samantha L.S. [Daniel S.], 134 AD3d 1128, 1129 [2015]). Contrary to the mother’s contention, she failed to show that the petitioner prevented or discouraged her from communicating with the child or the agency (see Matter of Amaru M. [Kizwana M.], 87 AD3d at 1070).
 

 To the extent that the mother contends that her parental rights were improperly terminated because the petitioner failed to demonstrate that it engaged in diligent efforts to encourage her relationship with the child and to provide services to effect the same, that argument lacks merit. In the context of a proceeding to terminate parental rights on the ground of abandonment, a showing of diligent efforts by an authorized agency to encourage the parent to visit and communicate with the child or agency is not required (see Social Services Law § 384-b [5] [b]; Matter of Gabrielle HH., 1 NY3d 549, 550 [2003]; Matter of Angela Simone S. [Simone M.], 107 AD3d 901 [2013]).
 

 Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the mother’s parental rights and free the child for adoption (see Matter of Anthony R.G.-W. [Craig W.], 121 AD3d 893, 894 [2014]).
 

 The mother’s remaining contention is without merit.
 

 Accordingly, the Family Court properly granted the petition to terminate the mother’s parental rights on the ground of abandonment.
 

 The child’s contention that the appeal should be dismissed as academic because she has attained the age of 18 years is without merit (cf. Matter of Mia P.R.D. [David D.], 113 AD3d 679, 680 [2014]).
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.