Matter of Natalia J. (Clarence T.) (2018 NY Slip Op 00292)





Matter of Natalia J. (Clarence T.)


2018 NY Slip Op 00292


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10262
2016-10265
2016-10268
 (Docket Nos. N-4235-13, N-4238-13, N-4239-13)

[*1]In the Matter of Natalia J. (Anonymous). Westchester County Department of Social Services, respondent; Clarence T. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Kaneilia T. (Anonymous). Westchester County Department of Social Services, respondent; Clarence T. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Fatima A. (Anonymous), also known as Fatima J. (Anonymous). Westchester County Department of Social Services, respondent; Clarence T. (Anonymous), appellant. (Proceeding No. 3)


Stephen Kolnik, Yonkers, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Allison E. Burke of counsel), for respondent.
Theresa M. Daniele, White Plains, NY, attorney for the children.



DECISION & ORDER
Appeals from (1) an order of the Family Court, Westchester County (Arlene Katz, J.), dated August 11, 2016, (2) a permanency hearing order of that court dated August 11, 2016, and (3) an order of disposition of that court dated August 11, 2016. The first order dated August 11, 2016, granted, without a hearing, the petitioner's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite Clarence T. with the child Kaneilia T. are no longer required. The permanency hearing order, insofar as appealed from, directed Clarence T. to comply with full stay-away orders of protection previously issued against him on behalf of the children Kaneilia T. and Fatima A., also known as Fatima J. The order of disposition directed Clarence T. to comply with the full stay-away orders of protection previously issued against him on behalf of the children Kaneilia T. and Fatima A., also known as Fatima J.
ORDERED that the order and the order of disposition are affirmed, without costs or disbursements; and it is further,
ORDERED that the permanency hearing order is affirmed insofar as appealed from, without costs or disbursements.
The appellant (hereinafter the father) is the biological father of the subject children Natalia J. and Kaneilia T. and a person who was legally responsible for the subject child Fatima A., also known as Fatima J. On March 14, 2013, Natalia died from a head injury caused by blunt force trauma. Kaneilia and Fatima were immediately placed in the custody of the petitioner, Westchester County Department of Social Services (hereinafter DSS). DSS filed petitions pursuant to Family Court Act article 10, alleging that Natalia was abused, neglected, and severely abused, and that Kaneilia and Fatima were derivatively abused and neglected. In April 2015, the father pleaded guilty to manslaughter in the second degree for recklessly causing Natalia's death (see People v Thomas, 150 AD3d 770). Based on the father's plea, DSS moved for summary judgment on the petitions. The Family Court granted the motion. On a prior appeal, this Court affirmed the Family Court's order granting DSS's motion (see Matter of Natalia J. [Clarence T.], 145 AD3d 889).
While the prior appeal was pending, Kaneilia and Fatima were released to their mother's custody for a trial discharge, and DSS moved pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the father with Kaneilia are no longer required. DSS did not make a motion pursuant to Family Court Act § 1039-b on behalf of Fatima because she is not the father's biological child. In an order dated August 11, 2016, the Family Court granted DSS's motion without conducting a hearing. In a permanency hearing order dated August 11, 2016, the court, inter alia, directed the father to comply with full stay-away orders of protection previously issued against him on behalf of Kaneilia and Fatima. In an order of disposition dated August 11, 2016, the court directed the father to comply with the orders of protection. The father appeals from these orders.
The Family Court properly granted DSS's motion pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the father with Kaneilia are no longer required. Pursuant to Family Court Act § 1039-b, the Family Court may relieve an agency of its obligation to make diligent efforts to reunite a parent and child under certain circumstances (see Matter of Alexandryia M.B. [Heather C.], 130 AD3d 1022, 1022). These circumstances include where the parent has been convicted of manslaughter in the second degree as defined in Penal Law § 125.15, the victim was another child of the parent (see Family Ct Act § 1039-b[b][2][ii]; Matter of Angela N.L. [Ying L.], 153 AD3d 1408, 1410, 1412), and the parent fails to demonstrate that, despite the conviction, "reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b[b]). Here, upon DSS presenting proof of the father's conviction of manslaughter in the second degree based upon his actions in causing the death of Natalia, the father failed to meet his burden of establishing that reasonable efforts would be in the best interests of Kaneilia, not contrary to her health and safety, and would likely result in their reunification in the foreseeable future (see Matter of Angela N.L. [Ying L.], 153 AD3d at 1412; Matter of Keishaun P. [Tyrone P.], 140 AD3d 1171, 1173; Matter of Hezekiah L.J. [Michael J.], 133 AD3d 754, 755; Matter of Skyler C. [Satima C.], 106 AD3d 816, 818). Further, contrary to the father's contention, the court did not err in deciding the motion without a hearing inasmuch as his answering papers did not establish that any genuine issue of fact existed (see Matter of Alexandryia M.B. [Heather C.], 130 AD3d at 1022).
The father's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court