Matter of Blake A.M. (Marisa L.) (2018 NY Slip Op 08658)





Matter of Blake A.M. (Marisa L.)


2018 NY Slip Op 08658


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-10786
2017-10800
 (Docket Nos. B-4855-16, B-4856-16)

[*1]In the Matter of Blake A. M. (Anonymous). SCO Family of Services, petitioner-respondent; Marisa L. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Brittny A. M. (Anonymous). SCO Family of Services, petitioner-respondent; Marisa L. (Anonymous), etc., appellant, et al., respondent. (Proceeding No. 2)


Mark Brandys, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition (one as to each child), of the Family Court, Queens County (Emily Ruben, J.), both dated September 8, 2017. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected and abandoned the subject children.
ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
We agree with the Family Court's finding that the mother permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7]; Matter of Sheila G., 61 NY2d 368, 380-381). These efforts included scheduling and facilitating parental access, referring the mother to therapy, monitoring the mother's participation in therapy, meeting with the mother to review the service plan, and explaining the importance of complying with the plan.
The mother contends that the petitioner failed to help her find new individual therapy [*2]after her insurance stopped paying for her therapy sessions. However, the evidence demonstrated that the mother chose not to attend further therapy sessions, and that her therapy was terminated "due to poor attendance." The mother further contends that the petitioner did not exercise diligent efforts because it did not assist in changing the parental access sessions to a location that was more convenient for her. However, the parental access sessions were scheduled to occur near where the children lived, and the mother's argument that she could not reach that location was contradicted by her own testimony. Finally, the mother contends that the petitioner did not establish the mother's failure to plan for the future of the children because she did everything in her power to visit the children and she maintained contact with the foster care agency. However, the evidence established that the mother stopped attending therapy sessions and exhibited no inclination or ability to meaningfully interact with the children (see Matter of Christopher II, 222 AD2d 900, 901). Under these circumstances, we agree with the Family Court's finding that, despite diligent efforts by the petitioner, the mother failed to adequately plan for the children's future, and, therefore, permanently neglected them.
The petitioner also established by clear and convincing evidence that the mother abandoned the children by failing to visit, or maintain contact with the children or the petitioner, for a six-month period preceding the filing of the petitions to terminate her parental rights (see Social Services Law § 384-b[4][b]; [5][a]; Matter of Elizabeth Susanna R., 11 AD3d 619, 621). Further, the mother failed to show that the petitioner prevented or discouraged her from communicating with the children or the agency (see Social Services Law § 384-b[5][a]; Matter of Amaru M. [Kizwana M.], 87 AD3d 1069, 1070). Moreover, "[m]inimal, sporadic, or insubstantial contacts are insufficient to overcome a finding of abandonment" (Matter of Jeremiah Kwimea T., 10 AD3d 691, 692).
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court