Matter of Lavdie H. v Saimira V. (2020 NY Slip Op 03177)





Matter of Lavdie H. v Saimira V.


2020 NY Slip Op 03177


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11590 -1818/16

[*1] In re Lavdie H., Petitioner-Appellant,
v
Saimira ., et al., Respondents-Respondents.


Turturro Law, P.C., Brooklyn (Natraj S. Bhushan of counsel), for appellant.
Karen P. Simmons, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer Burtt, Ref.), entered on or about September 20, 2016, which denied the subject child's motion for an order of special findings enabling him to petition the United States Citizenship and Immigration Services (CIS) for special immigrant juvenile status, unanimously reversed, on the law and the facts, without costs, and the motion granted.
The record supports an order of special findings enabling the child to petition CIS for special immigrant juvenile status (see 8 USC § 1101[a][27][J] [Immigration and Nationality Act]; 8 CFR 204.11[c], [d]; Matter of Marisol N.H., 115 AD3d 185, 188-189 [2d Dept 2014]). The evidence establishes that the child was unmarried and under the age of 21 at the time of the special findings hearing and order (see 8 CFR 204.11[c]). The Family Court's appointment of a guardian (petitioner) rendered the child dependent on a juvenile court (see id.; Matter of Antowa McD., 50 AD3d 507 [1st Dept 2008]).
The evidence that the child had had no contact with his parents, and received no support from them, since at least September 2014 established that reunification with the parents was not viable due to neglect or abandonment (see 8 USC § 1101[a][27][J]; Family Court Act § 1012[f][ii]; Social Services Law § 384-b[5][a]; Matter of Akasha J.G. [Vincent G.], 149 AD3d 734 [2d Dept 2017]). The parents' consent to the appointment of a guardian and waiver of service also demonstrate an intent to relinquish their parental rights.
In determining whether reunification was viable, the Family Court should not have refused to consider evidence of circumstances that occurred after the child's 18th, but before his 21st, birthday (see Family Court Act § 661[a]; 8 CFR 204.11[c][1]; Matter of Goran S., 152 AD3d 698, 700 [2d Dept 2017]; Matter of Sing W.C. [Sing Y.C. - Wai M.C.], 83 AD3d 84, 90-91 [2d Dept 2011]).
The record demonstrates that it is not in the best interests of the child to return to Albania (see 8 USC § 1101[a][27][J]; 8 CFR 204.11[c]). The evidence shows that the child suffered political persecution in Albania that his parents were unable to prevent (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725, 727 [2d Dept 2017]), that he had had no recent contact with his parents and was not sure if they would accept him if he returned (see Matter of Alamgir A., 81 AD3d 937, 940 [2d Dept 2011]), and that he was doing well in petitioner's care (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 114-115 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK