Matter of Chary M. L. (Zachary R.)

2026 NY Slip Op 02115

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Chary M. L. (Anonymous). New Alternatives for Children, Inc., petitioner-respondent; Zachary R., appellant, et al., respondent. (Proceeding No. 1.)

In the Matter of Jun L. (Anonymous). New Alternatives for Children, Inc., petitioner-respondent; Zachary R., appellant, et al., respondent. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-02503, 2024-03651, (Docket Nos. B-3293-22, B-3294-22)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Laurence L. Love

James P. Mccormack, JJ.

Salvatore C. Adamo, New York, NY, for appellant.

Dawn M. Shammas, New York, NY, for petitioner-respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and ZoË Allen of counsel), attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Richmond County (Peter F. DeLizzo, J.) (one as to each child), both dated March 13, 2024. The orders of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother abandoned and permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

ORDERED that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs of disbursements.

The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject children on the grounds of abandonment and permanent neglect. Following fact-finding and dispositional hearings, the Family Court, among other things, found that the mother abandoned and permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.

Termination of parental rights based on a finding of abandonment requires clear and convincing evidence (see Social Services Law § 384-b[3][g][i]; Matter of Annette B., 4 NY3d 509, [*2]514) that for the six-month period immediately prior to the filing of the petition (see Social Services Law § 384-b[4][b]), the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency. In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed" (Social Services Law § 384-b[5][a]; see Matter of Julius P., 63 NY2d 477, 481).

Here, clear and convincing evidence at the fact-finding hearing supports the Family Court's finding of abandonment. The evidence established that the mother had no contact with the petitioner or the children during the six months immediately preceding the filing of the petitions on September 5, 2022, and that the petitioner did nothing to prevent or discourage the mother from contacting them (see Matter of Abel J.R. [Michael S.], 207 AD3d 727, 728; Matter of Nyshawn R.V.S. [Erica M.V.], 145 AD3d 902, 902-903). The mother's incarceration did not relieve her of the responsibility to communicate with the petitioner or the children (see Matter of Annette B., 4 NY3d at 514; Matter of Samantha L.S. [Daniel S.], 134 AD3d 1128, 1129), and she failed to satisfy her burden of establishing that she suffered from a severe hardship that so permeated her life that attempts at communication were not feasible (see Matter of J.F. [Yves A.], 158 AD3d 798, 799; Matter of Keymani R.J. [Shakima J.], 95 AD3d 1213, 1213).

Clear and convincing evidence (see Social Services Law § 384-b[3][g][i]) at the fact-finding hearing also supports the finding of permanent neglect (see id. § 384-b[7][a]). When determining whether to grant a petition alleging permanent neglect, "the court must evaluate as a threshold matter whether the agency has exercised diligent efforts to encourage and strengthen the parental relationship" (Matter of Sheila G., 61 NY2d 368, 381), including consultation and cooperation with the parent to develop a service plan and making suitable arrangements for visitation (see Social Services Law § 384-b[7][f]). However, "evidence of diligent efforts by an agency to encourage and strengthen the parental relationship shall not be required when . . . [t]he parent has failed for a period of six months to keep the agency apprised of his or her location" (id. § 384-b[7][e][i]). Here, the petitioner was excused from demonstrating diligent efforts by the mother's failure to inform the petitioner of her whereabouts for a period of at least six months (see Matter of Riyanna N.F. [Crystal M.S.-Angelina F.], 170 AD3d 1009, 1010; Matter of George R. [Samatha M.], 162 AD3d 1041, 1042), notwithstanding her incarceration for a portion of the relevant period (see Matter of Jamel Raheem B. [Vernice B.], 89 AD3d 933, 934).

The Family Court properly declined to grant a suspended judgment, which is not a permissible disposition after a finding of abandonment (see Matter of King-Osiris A.T. [Isis S.], 224 AD3d 839, 841), and properly concluded that it is in the best interests of the children (see Family Ct Act § 631) to terminate the mother's parental rights and to transfer guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption (see Matter of Kaiden L. [Kdaya R.], 168 AD3d 846, 847; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Christina M.A.R. [Megan M.R.], 154 AD3d 690, 691).

DILLON, J.P., BRATHWAITE NELSON, LOVE and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court