■ In the Matter of TERRANCE L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JORGE L., Appellant. (Proceeding No. 1.) In the Matter of DREW L., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JORGE L., Appellant. (Proceeding No. 2.) In the Matter of MICHAEL L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JORGE L., Appellant. (Proceeding No. 3.) In the Matter of ANTHONY L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JORGE L., Appellant. (Proceeding No. 4.) In the Matter of CONCETTA L., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JORGE L., Appellant. (Proceeding No. 5.) [714 NYS2d 357] —In five related child protective proceed-

ings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered April 27, 1999, which, upon a fact-finding order of the same court entered July 10, 1997, made after a hearing, finding that he had abused his children Concetta L. and Drew L., and neglected his children Michael L., Anthony L., and Terrance L., terminated his parental rights and placed these children with the Suffolk County Department of Social Services for the purpose of adoption. The appeal brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the Family Court did not make inappropriate use of judicial notice during the appellant's parental termination proceeding. It was within the court's power to take such notice of its own prior proceedings (*see, CPLR 4511; Matter of Justin EE.,* 153 AD2d 772; *see also,* Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]), and the appellant stipulated to the fact that he was convicted in a prior criminal proceeding of sexually abusing, raping, and endangering the welfare of two of his seven children (*see, Matter of Justin EE., supra; see also,* Fisch, NY Evidence § 1065, at 602-603 [2d ed]).

Contrary to the appellant's contention, he was not denied the effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *Matter of Erin G.,* 139 AD2d 737).

The appellant's remaining contention is without merit. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.