■ In the Matter of TATIANA E. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIYA S., Appellant, et al., Respondent. [993 NYS2d 175]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Westchester County (Davidson, J.), entered November 30, 2012, as, upon so much of an order of fact-finding of the same court dated July 13, 2011, made after a hearing, finding that she had permanently neglected the subject child, and, after a dispositional hearing, terminated her parental rights and directed that the custody and guardianship of the subject child be transferred to the Westchester County Department of Social Services for the purpose of adoption. The appeal brings up for review the order of fact-finding dated July 13, 2011.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The finding of permanent neglect with respect to the mother was supported by clear and convincing evidence that the petitioner agency made diligent efforts to strengthen the bond between her and the subject child, and to assist her in planning for the child's future (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d 878, 880 [2013]; *Matter of Victoria C. [Cassandra C.]*, 106 AD3d 1084, 1084-1085

[2013]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]). These efforts included facilitating visitation, referring her to individual and domestic violence counseling services, providing a Russian interpreter, and providing her with shelter (*see Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 730 [2012]; *Matter of Elijah P. [C.I.P.]*, 76 AD3d 631, 632 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Danielle Joy K.*, 60 AD3d 948, 949 [2009]). The evidence at the hearing showed that for a period of one year following the child's placement with the agency, the mother failed to establish a separate residence and complete domestic violence and other counseling. She thereby failed to plan for the child's future by taking steps to correct the problems that had caused the child's removal and were preventing the child from being returned to her care (*see Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 880; *Matter of Victoria C. [Cassandra C.]*, 106 AD3d at 1084-1085; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Michelle Rennee H.*, 48 AD3d 684, 684-685 [2008]; *Matter of Jennifer R.*, 29 AD3d 1005, 1006-1007 [2006]). The mother's consistent visitation with the subject child did not preclude a finding of permanent neglect in light of her failure to gain insight into the behavior that caused the child's removal and plan for the child's future (*see Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502, 503 [2013]; *Matter of Jennifer R.*, 29 AD3d at 1006-1007; *Matter of Justina Rose D.*, 28 AD3d 659, 660 [2006]).

Furthermore, the Family Court correctly determined that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (*see Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 544 [2013]; *Matter of Elijah P. [C.I.P.]*, 76 AD3d at 632; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1034; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Sorin P.*, 58 AD3d at 744).

The mother's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.