■ In the Matter of ANTHONY R.G.-W. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; CRAIG W. et al., Appellants. (Proceeding No. 1.) In the Matter of JESSIE C.C.G.-W. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; CRAIG W. et al., Appellants. (Proceeding No. 2.) In the Matter of KEYMONI D.G.-W. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; CRAIG W. et al., Appellants. (Proceeding No. 3.) [994 NYS2d 191]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother and the father separately appeal from three orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (O'Donoghue, J.), all dated September 3, 2013, which, after fact-finding and dispositional hearings, found that each of them permanently neglected the subject children and that the father also abandoned the subject children, terminated each parent's parental rights, and transferred custody and guardianship of the subject children to the Jewish Child Care Association of the City of New York and the Commissioner of Social Services of the City of New York for the purposes of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner Jewish Child Care Association of New York (hereinafter the petitioner) established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the subject children by, inter alia, scheduling and facilitating visitation and developing a service plan (*see Matter of Jessica C. [Johanna B.]*, 117 AD3d 1044 [2014]; *Matter of Ebonee Annastasha F. [Crystal Arlene F.]*, 116 AD3d 576 [2014]; Social Services Law § 384-b [7] [a]). Despite the petitioner's efforts, the mother failed to meaningfully avail herself of services deemed essential to prepare her for her parenting responsibilities and failed to visit the children on a regular, consistent basis (*see Matter of Jaelyn Hennesy F. [Jose F.]*, 113 AD3d 411 [2014]; *Matter of Jaelyn V.L.G. [Christopher G.]*, 108 AD3d 422 [2013]; *Matter of Dina Loraine P. [Ana C.]*, 107 AD3d 634 [2013]).

In addition, the evidence adduced at the fact-finding hearing established, by clear and convincing evidence, that the father abandoned the subject children during the six-month period before the filing of the petition (*see Matter of Donna E.J. [Fatima J.]*, 96 AD3d 746 [2012]). In light of our determination, we need not address the father's contention that he did not permanently neglect the subject children (*see Matter of Messiah Quwan D.*, 288 AD2d 383, 384 [2001]).

Furthermore, the Family Court properly determined that it was in the best interests of the subject children to terminate the parental rights of both the mother and the father and free the children for adoption (*see* Family Ct Act §§ 623, 631; *Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698 [2014]; *Matter of Oscar L.*, 8 AD3d 569, 570 [2004]; *Matter of Messiah Quwan D.*, 288 AD2d at 384). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.