■ In the Matter of ANASTASIA E.MC. SUFFOLK COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; TROY MC., JR., Appellant. [47 NYS3d 428]—

Appeals by the father from (1) an order of fact-finding of the Family Court, Suffolk County (Theresa Whelan, J.), dated September 25, 2015, and (2) an order of disposition of that court dated November 5, 2015. The order of fact-finding, after a hearing, found that the father permanently neglected the child. The order of disposition, after a dispositional hearing, and upon the father's default in appearing at the hearing, terminated the father's parental rights and transferred guardianship and custody of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as terminated the father's parental rights and freed the child for adoption upon his default in appearing at the dispositional hearing is dismissed, without cost or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The father failed to appear at the dispositional hearing, and his attorney did not participate in his absence. Therefore, the dispositional portions of the order dated November 5, 2015, which terminated his parental rights and freed the child for adoption, were entered upon his default and are not appealable (*see* CPLR 5511; *Matter of Amber Megan D.*, 54 AD3d 338, 338 [2008]; *Matter of Miguel M.-R.B.*, 36 AD3d 613, 613-614 [2007]; *Matter of Vanessa M.*, 263 AD2d 542, 543 [1999]).

Contrary to the father's contentions, the Family Court properly took judicial notice of the orders and proceedings under a prior neglect docket (*see Matter of Anjoulic J.*, 18 AD3d 984, 986 [2005]; *Matter of Terrance L.*, 276 AD2d 699, 700 [2000]; *Matter of Claudina Paradise Damaris B.*, 227 AD2d 135 [1996]).

Contrary to the father's contentions, the Family Court's finding that he permanently neglected the child was supported by clear and convincing evidence that the petitioner made diligent efforts to strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a], [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d 878, 880 [2013]; *Matter of Victoria C. [Cassandra C.]*, 106 AD3d 1084, 1084-1085 [2013]). These efforts included facilitating visitation, referring the father to a parenting

program, referring the father to a substance abuse treatment program, and providing the father with a schedule of the child's medical appointments (*see Matter of Star Leslie W.*, 63 NY2d at 142; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 730 [2012]; *Matter of Elijah P. [C.I.P.]*, 76 AD3d 631, 632 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]). His contention that the petitioner was required to do more is unavailing. The evidence demonstrated the father's lack of cooperation and initiative to address the underlying concerns which led to the child's placement with the petitioner (*see Matter of Jamie M.*, 63 NY2d 388, 393 [1984]). The evidence at the hearing further demonstrated that, for a period of one year following the child's placement with the petitioner, the father failed to plan for the future of the child (*see* Social Services Law § 384-b [7] [a]; *Matter of Tatiana E. [Mariya S.]*, 121 AD3d 682, 683 [2014]; *Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 880; *Matter of Victoria C. [Cassandra C.]*, 106 AD3d at 1085; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902). Thus, the court properly found that the father permanently neglected the child.

Contrary to the father's contention, he received the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]; *Matter of Amber Megan D.*, 54 AD3d at 339; *Matter of Laura F.*, 48 AD3d 812 [2008]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.