Matter of "Baby Boy" N. (Albert N.) (2018 NY Slip Op 05045)





Matter of "Baby Boy" N. (Albert N.)


2018 NY Slip Op 05045


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02061
2017-02065
2017-02066
 (Docket Nos. B-26010-12, B-26011-12, B-11515-13)

[*1]In the Matter of "Baby Boy" N. (Anonymous). SCO Family of Services, respondent; Albert N. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Alberta N. (Anonymous). SCO Family of Services, respondent; Albert N. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Albert A. N. (Anonymous), Jr. SCO Family of Services, respondent; Albert N. (Anonymous), appellant. (Proceeding No. 3)


Elliot Green, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Jennifer E. Reddin, Farmingdale, NY, attorney for the children.



DECISION & ORDER
In three proceedings pursuant Social Services Law § 384-b to terminate parental rights to three children, the father appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.) (one as to each child), all dated October 4, 2016. The orders, after fact-finding and dispositional hearings, found that the father permanently neglected the two oldest children and abandoned all three children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of Queens County for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
In December 2012, the petitioner commenced two proceedings to terminate the father's parental rights as to the two oldest children on the grounds of permanent neglect and abandonment. In June 2013, the petitioner commenced a third proceeding to terminate the father's parental rights as to the youngest child on the ground of abandonment. After a hearing on all three [*2]petitions, the Family Court found that the father permanently neglected the two oldest children and abandoned all three children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of Queens County for the purpose of adoption.
We agree with the Family Court's finding that the father permanently neglected the two oldest children. The petitioner established by clear and convincing evidence that it made diligent efforts to strengthen the father's parental relationship (see Social Services Law § 384-b[7][a], [f]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Isiah M. [Teresa M.], 158 AD3d 688, 689; Matter of Anastasia E. Mc. [Troy Mc.], 147 AD3d 955, 956; Matter of Mahaadai D.H. [Rhonda L.H.], 110 AD3d 878, 880). The petitioner provided for regular parental access with the children, encouraged the father to maintain consistent contact with the children and the agency, and referred the father to individual therapy, mental health services, a domestic violence program, and a parenting skills course. The father's contention that the petitioner was required to do more is unavailing. The father was aggressive and combative with the petitioner in its efforts to help him address the underlying concerns which led to the children's placement with the petitioner (see Matter of Jamie M., 63 NY2d 388, 393). The evidence at the hearing further demonstrated that, for a period of one year following the children's placement with the petitioner, the father failed to maintain contact with the children or meaningfully plan for their future (see Social Services Law § 384-b[7][a]; Matter of Isiah M. [Teresa M.], 158 AD3d at 689; Matter of Anastasia E. Mc. [Troy Mc.], 147 AD3d at 957; Matter of Tatiana E. [Mariya S.], 121 AD3d 682, 683; Matter of Mahaadai D.H. [Rhonda L.H.], 110 AD3d at 880).
We also agree with the Family Court's determination that the father abandoned all three children within the meaning of Social Services Law § 384-b(4)(b). An intent to abandon a child is manifested by a parent's "failure to visit the child or communicate with the child or the agency although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Julius P., 63 NY2d 477, 481; see Matter of Tinisha J. [William J.], 135 AD3d 760, 761). The burden rests on the parent to maintain contact, and the agency need not show diligent efforts to encourage the parent to visit or communicate with the child (see Matter of Gabrielle HH., 1 NY3d 549, 550; Matter of Julius P., 63 NY2d at 481).
Here, although there was an order suspending the father's parental access to the children, he was still obligated to maintain contact with the petitioner, which had legal custody of the children (see Matter of Tinisha J. [William J.], 135 AD3d at 762; Matter of Miranda J. [Jeromy J.], 118 AD3d 1469, 1470; Matter of Alex Jordan D., 66 AD3d 1013, 1014). To the extent there was evidence that the father contacted the petitioner during the relevant time frame, the record supports the Family Court's finding that such contact was too minimal, sporadic, and insubstantial to defeat the showing of abandonment (see Matter of Tinisha J. [William J.], 135 AD3d at 762; Matter of Jayquan J. [Clint J.], 77 AD3d 947, 948; Matter of Xtacys Nayarie M. [Jose Ruben M.], 74 AD3d 970, 971).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court